McGowan *v.* Miles.

(*Jackson,* April Term, 1934.)

Opinion filed June 23, 1934.

T. L. CAMPBELL and G. F. STEGER, both of Memphis, for plaintiff in error.

FITZHUGH, MURRAH & FITZHUGH, of Memphis, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this case an appeal was taken from the ruling of the probate court of Shelby county on exceptions to the report of an administratrix. The Court of Appeals modified the decree of the probate court, and the distributee, being dissatisfied with the result in the Court of Appeals, has filed a petition for *certiorari,* which we have granted.

Hannah Scott Newby, an old colored woman, died intestate March 28, 1929, leaving an estate, including insurance and savings, amounting to about $1,400. Amy Brown Miles, the daughter of Hannah's employer, qualified as administratrix on April 2, 1929.

Hannah was a servant in the house of Mr. and Mrs. R. L. Brown, of Memphis, for more than twenty-five years. She was paid $30 a month during this time and also got her board and lodging. The deceased married one Willie Newby, and they lived together for some time. Willie Newby left Memphis some years ago, and his whereabouts were apparently unknown to his wife at the time of her death. Hannah had no children. It was as-

sumed by the Brown family when Hannah died that her husband was dead and that Hannah was without heirs or distributees. As stated above, Mrs. Amy Brown Miles, the daughter of Mr. and Mrs. Brown, thereupon qualified as Hannah's administratrix.

Mrs. Miles proceeded with the settlement of Hannah's estate, paying the funeral bill, some other small claims, and also a claim presented by Mrs. Brown amounting to $539, which will be hereafter more particularly discussed.

During the course of the administration of this estate by Mrs. Miles, one Tishie McGowan appeared, sister of Hannah's husband, Willie Newby. She filed a petition in the probate court, seeking the removal of Mrs. Miles as administratrix of Hannah Newby, and attacking the conduct of the administration of that estate by Mrs. Miles. Quite a litigation ensued between Tishie McGowan and Mrs. Miles which was finally determined in favor of Mrs. Miles, in so far as the right of Mrs. Miles to continue as the administratrix of Hannah Newby was concerned. It was, however, established in that litigation that Willie Newby survived his wife, Hannah Newby, that he was Hannah's sole distributee, and that the petitioner, Tishie McGowan, was the sole distributee (having acquired the interests of other distributees) of Willie Newby. The case was remanded by the Court of Appeals to the probate court of Shelby county, Mrs. Miles filed her report as administratrix, Tishie McGowan excepted thereto, and it is the ruling of the probate court on those exceptions that is now in controversy.

Among other exceptions to the report of Mrs. Miles as administratrix was an exception to the allowance by her of the payment of the claim of her mother for $539 men-

tioned above. We are satisfied with the disposition made of the other exceptions by the Court of Appeals, and they do not require discussion.

As to this claim of Mrs. Brown's for $539, Tishie McGowan made the point that the greater part of that claim was barred by the six-year statute of limitations, and the probate judge sustained that contention, as well as holding that the claim was not sufficiently established by Mrs. Brown. In holding that the six-year statute of limitations was not applicable to this claim, we think the Court of Appeals erred.

The account presented by Mrs. Brown consists of items beginning in November, 1904, and ending in 1928. The account consists of a statement of expenditures said to have been made by Mrs. Brown for Hannah Newby.for shoes, stockings, doctors' bills, and some other items. We do not find any very satisfactory explanation of the reason of Mrs. Brown for not deducting these items from Hannah's wages, during this period of twenty-four years, if it were all the while the intention of Mrs. Brown to require Hannah to repay such expenditures.

The Court of Appeals thought that the account presented was *bona fide,* and that it was within the province of Mrs. Miles as administratrix to use her discretion as to pleading the six-year statute of limitations. Justifying its position, the court referred to the following from Pritchard on Wills and Administration, sec. 744:

"It is not, *per se,* a devastavit to fail to plead this statute (the six years statute), or to pay a debt due to a third person, but not himself, although barred by it, if in other respects the demand is a valid liability of the estate. The rule recognized in this State in an early case is that

adopted by the English courts of equity, and permits the representative to exercise his discretion as to waiving or relying upon the general statute, and to pay a just debt, although barred by it, without incurring liability.''

As noted in the passage set out, an administrator cannot exercise his discretion and retain a debt due to himself, if the debt is barred by the six-year statute of limitations (Code 1932, sec. 8600) before he administered. ''A contrary principle would never do; men cannot be trusted with such a high fiduciary power, to be exercised by them in cases affecting their own claims; the necessary consequence would be, that they never would fail to pay their own debts barred by the statute, no matter how iniquitous it might be not to set up the defence; and it would become a matter of struggle, with every creditor, upon whose claims the statute was operative, for the administration of the estate, with the sole view of saving his debt.'' *Batson* v. *Murrell*, 29 Tenn. (10 Humph.), 301, 51 Am. Dec., 707.

The foregoing was approved in *Wharton* v. *Marberry*, 35 Tenn. (3 Sneed), 603; *Byrn* v. *Fleming*, 40 Tenn. (3 Head), 659; *Harrison* v. *Henderson*, 54 Tenn. (7 Heisk.), 315; *Shields* v. *Alsup*, 73 Tenn. (5 Lea), 508.

Likewise in *Williams* v. *Williams*, 83 Tenn. (15 Lea), 438, a will gave the executors full power to settle all the business of the estate by compromise or arbitration, to release any debts or parts of debts and ''to pay, if they see proper, just debts barred by the statute of limitations.'' Notwithstanding this power given in the will, the court held that the executors could not retain debts due to themselves and barred by the six-year statute of limitations, because ''this would be to make them judges in their own cases.''

■ As noted by Mr. Pritchard, this discretion accorded an administrator as to pleading the six-year statute of limitations against the claims of third persons is taken from the rulings of the English courts of equity. Later decisions of the English courts indicate some dissatisfaction with this ruling. It is referred to as an anomaly and an exception to the general rule that an administrator is bound to conserve the estate and to interpose every legitimate defense to claims made against the estate. As other exceptions to a general rule, it is narrowly construed. *Tibbs* v. *Carpentier,* 1 Madd., 298; *In re Rownson,* 29 Ch. D., 358; *Midgely* v. *Midgely* [1893], 3 Ch., 282.

■ It is not only against the public policy of this state for one to be the judge in his own case, but it is equally against public policy for one to be the judge in a case to which his kinsman is a party. Neither judge nor juror, except by consent of all interested, can sit in a case where either party is related to such judge or juror, by affinity or consanguinity, within the sixth degree. Code, secs. 9892, 10007.

The reason that an administrator is permitted to exercise his discretion about pleading the statute of limitations against a claim of a third person is that he may know that the debt is a just one, and, the administrator being bound morally and legally for the protection of the estate "and having no interest in the debt sued for, there can be no reasonable supposition that he will collude with the creditor to defraud it, and, therefore, it is considered perfectly safe, to let him rely upon the statute of limitations or not, at his own discretion, as the deceased himself could have done had he been alive."

It cannot be said that an administrator has no interest to see that a debt due to his parent is paid. Indeed, such a representative, with a natural filial bias, would likely be more prejudiced in his parent's interest than he would in his own. For such reason the statute forbids one to be judge or juror in a case involving the interests of his near relative.

Upon principle and authority, therefore, we are unwilling to extend the ruling according to personal representatives a discretion as to pleading the statute of limitations against claims presented by third parties to cases where such third parties are related within the prohibited degree to such representative.

As before mentioned, Hannah Newby died on March 28, 1929. We are of opinion that her administratrix should have interposed a plea of the six-year statute of limitations to all items of indebtedness on the statement presented by Mrs. Brown that were incurred prior to March 28, 1923. For her failure so to do, the administratrix is liable, as for a *devastavit,* for the loss incurred by the estate.

The decree of the Court of Appeals is accordingly modified as herein indicated, and this cause remanded to the probate court of Shelby county for further proceedings. The costs of the appellate courts will be divided between Tishie McGowan and Mrs. Amy Brown Miles.