**Thurman SMITH, Trustee, et al.**

v.

**INSURANCE COMPANY OF NORTH AMERICA et al.**

**Civ. A. No. 434.**

United States District Court
M. D. Tennessee,
Columbia Division.

May 10, 1962.

See also 30 F.R.D. 534.

Cecil Sims, of Bass, Berry & Sims, Nashville, Tenn., for original plaintiffs.

Fyke Farmer, Nashville, Tenn., for substituted plaintiff, Mrs. Trice.

Lon P. MacFarland and William B. Cain, of MacFarland & Colley, Columbia, Tenn., Joe W. Henry, Jr., of Henry & Henry, D. C. Lee, Pulaski, Tenn., and Malcolm Marshall, of Ogden, Brown, Robertson & Marshall, Louisville, Ky., for defendants.

GRAY, District Judge.

This case was called for trial May 7, 1962. At that time five preliminary matters were pending before the court, as follows:

1. Defendants' objections to interrogatories.

2. Plaintiff Helen Corinne Scales Trice's motion to file and amend her reply to the defendants' amended counterclaims.

3. Plaintiff Trice's motion for summary judgment.

4. Defendants' oral motion of April 23, 1962, for judgment on the pleadings as to the amended counterclaims.

5. Plaintiff Trice's motion to dismiss all of the counterclaims.

I

The defendants' objections to the interrogatories propounded by the plaintiff, Mrs. Trice, December 9, 1960, were filed pursuant to a previous order of the court of April 19, 1962, allowing additional time for filing further objections. The objections were directed to nine essentially identical sets of seven questions, one set addressed to each of the nine defendants. The new objections were too general to meet the usual requirements, see Schotthofer v. Hagstrom Const. Co., 23 F.R.D. 666 (D.S.D.Ill. 1958), and Shrader v. Reed, 11 F.R.D. 367, 370 (D.Neb.1951).

However, the court considered certain of the questions to be so obviously out of order as to require that objections as to them be sustained summarily. Questions 1 and 7 constituted gratuitous questioning of defense counsel's authority to conduct the litigation, and Questions 5 and 6 and the last part of Question 4 called for production of documents that may be compelled only on a showing of good cause under Rule 34,

Rules of Civil Procedure. The objections were therefore upheld as to Questions 1, 5, 6 and 7 and the last part of Question 4. The objections were overruled as to Questions 2 and 3 and the first part of Question 4. Defense counsel then supplied the information available to the defendants as to these questions in open court.

## II

Mrs. Trice's motion to file and amend her reply to the defendants' amended counterclaims was filed pursuant to the court's order of April 24, 1962, to show why she should not be held in default by reason of her failure to reply to the amended counterclaims within the time prescribed by Rule 15(a), Federal Rules of Civil Procedure.

█ █ She contended that her delay of more than a year in filing her reply was excused because the amendments to the counterclaims were not served after the court granted the defendants' motions to file them. The defendants' motions to amend were accompanied by the proposed amendments in accordance with usual requirements, see Schwab v. Nathan, 8 F.R.D. 227 (D.S.D.N.Y.1948). The motions and proposed amendments were served on the plaintiff in due form November 18, 1960. The plaintiff entered objections based upon their content and argued them in open court. The court allowed the amendments December 22, 1960, and all counsel received a copy of the order. Further service would be a pointless formality not required under the Federal Rules of Civil Procedure. The time specified in Rule 15(a) began to run no later than entry of the order December 22, 1960, and the reply was due no later than January 2, 1961.

█ Thus no excusable neglect was shown by the plaintiff. However, it appeared to the court that it would not be in the interests of justice to prohibit this plaintiff, who appears here in a representative capacity, from filing any reply

at all. It was therefore held that she ought to be allowed to file a reply presenting a general traverse of the counterclaims and any other defenses preserved to her by the provisions of the court's order of December 22, 1960. The reply filed on January 5, 1962, included all of these defenses directly or by reference in the first two numbered sections. The court granted her motion to file the first two numbered sections of her reply.

█ The third section, however, presented an affirmative defense based upon the Tennessee statute of limitations on claims against decedents' estates, 30 T.C.A. § 1001. The Federal Rules of Civil Procedure, Rules 8(c) and 12(b), require such defenses to be presented by responsive pleading, and a failure so to present them operates as a waiver under Rule 12(h), Roe v. Sears, Roebuck & Co., 132 F.2d 829 (7th Cir. 1943). Under Tennessee law an executrix has capacity to waive a statute of limitations, McGowan v. Miles, 167 Tenn. 554, 72 S.W.2d 553 (1934). The delay of more than one year beyond the time allowed for responsive pleading operated as a waiver of the statute, and her motion to file the third section of her reply was therefore overruled.

█ █ By her same motion she seeks to amend her reply to incorporate various matters set up in her motion to dismiss. Insofar as they apply to the plaintiff's contention that the counterclaims fail to state a claim upon which relief can be granted, they may be considered on the motion without having been set up by responsive pleading, Rule 12(b), Federal Rules of Civil Procedure. They will be considered in Section V, infra.

The motion to amend the reply was therefore overruled.

## III

The plaintiff's motion for summary judgment of January 29, 1962, relied upon the statute of limitations, 30 T.C.A. § 1001, which was waived by delay in

filing a responsive pleading incorporating it, Section II, supra.

██ But this motion would have to be overruled even if considered on its merits. The statute relied upon is a part of Tennessee's nonclaim statute regulating the procedure for settlement of decedents' estates, Chapter 175, Public Acts of 1939. The Supreme Court of Tennessee has held that this act has no application to tort actions, Collins v. Ruffner, 185 Tenn. 290, 297, 206 S.W.2d 298 (1947). The first three counts of the amended counterclaim clearly sound in tort, Gray v. Western Union Telegraph Co., 108 Tenn. 39, 64 S.W. 1063, 56 L.R.A. 301 (1901). The statute relied upon therefore could have no effect on these counts in any view.

██ As to the fourth count asking judgment over against Mrs. Trice under the subrogation clauses of the policies in the event the mortgagee-plaintiffs should prevail in this action, the statute itself indicates the bar should not operate in the present case. By 30 T.C.A. § 512, also a part of the 1939 act, the filing of a claim under the statute operates to arrest any statute of limitations. Both parties agree that the defendants did file a claim within the statutory nine months as to the matters presented in Count 4 of the counterclaim and that the executrix filed exceptions. This presented an issue for the Giles County Court to decide, and this court is not concerned with it.

The motion was dismissed and would have to be overruled if considered on its merits.

### IV

· The defendants' motion, made orally at the hearing April 23, 1962, for judgment on the pleadings as to the amended counterclaims, based upon the plaintiff's failure to file a timely reply to the amended counterclaims, was overruled under the court's holding on the plaintiff's motion to file her reply, Section II, supra.

### V

Mrs. Trice's motion of April 20, 1962, to dismiss all of the counterclaims or in the alternative for judgment on the pleadings as to the counterclaims must be overruled insofar as it raises again the bar of 30 T.C.A. § 1001. The same result must follow as to a different section of the same 1939 Act, 30 T.C.A. § 524, here set up for the first time. The motion was overruled as to Counts 1 and 2.

██ But the plaintiff contended further that Counts 3 and 4 fail to state a claim upon which relief can be granted. As to Count 3, the contention is that the cause of action is in tort and that it did not survive the death of the plaintiff's testator. Tennessee's tort survival statute, 20 T.C.A. § 603, excepts only torts affecting character. The motion was therefore overruled as to Count 3.

██ As to Count 4, the contention was that the claim was premature because the right of subrogation cannot arise until the claim of the mortgagee is paid. This, of course, is sound substantive law, and the defendants clearly could not enforce a judgment by subrogation against Mrs. Trice before paying the claim of the mortgagees on which the subrogation must rest. But this does not dispose of the procedural question. Rule 18(b), Federal Rules of Civil Procedure, provides:

> "Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. * * *"

██ This rule, in terms, seems to apply primarily to joinder of two actions in which the same party is plaintiff, and its language does not precisely fit the present situation in which the substantive right in the second claim must depend upon the outcome of an action in

which the claimant is a defendant. Nevertheless, in the context of Civil Rules containing liberal provisions for counterclaims, cross-claims and third-party claims designed to allow disposal of an entire controversy in one action, Rule 18(b) should apply to any case in which two related actions may be determined in a single proceeding without prejudice to substantive rights.

The court therefore overruled the motion to dismiss also as to Count 4.

## VI

Accordingly, it is hereby ordered, *nunc pro tunc*, that:

1. The defendants' objections to the plaintiff's interrogatories of December 9, 1960, are sustained as to Questions 1, 5, 6 and 7 and the last part of Question 4 of each set of interrogatories. The objections are overruled as to Questions 2 and 3 and the first part of Question 4 of each set.

2. The motion of the plaintiff, Helen Corinne Scales Trice, Executrix, for permission to file her delayed reply of January 5, 1962, is granted as to the first two numbered sections of the reply setting forth a general denial and incorporating her previous objections by reference, but the reference shall be deemed to incorporate only the contents of her objections of December 15, 1960, and not the accompanying affidavits and exhibits. Her motion is denied as to Section 3 of the reply and as to her request to amend the reply.

3. The motion for summary judgment filed January 29, 1962, by the plaintiff, Helen Corinne Scales Trice, Executrix, is dismissed.

4. The defendants' oral motion of April 23, 1962, for judgment on the pleadings as to the counterclaims is overruled.

5. The motion of the plaintiff, Mrs. Helen Corinne Scales Trice, Executrix, to dismiss all of the counterclaims, or in the alternative for judgment on the pleadings as to them, is overruled.