### In the Matter of PEACHTREE WAREHOUSE DISTRIBUTORS, INC., alleged Bankrupt.

### Bankruptcy No. B79–1835A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Dec. 20, 1979.

Stacey W. Cotton, Cotton, Katz & White, Atlanta, Ga., for petitioner.

Karen F. White, Macey & Zusmann, Atlanta, Ga., for respondent.

## MEMORANDUM

A. D. KAHN, Bankruptcy Judge.

Petitioning creditors have moved this Court for leave to amend paragraphs 5 and 6 of their involuntary bankruptcy petition, which allege the existence of certain unspecified "acts of bankruptcy." The Alleged Bankrupt has responded by arguing that since amendments would not relate back to the original date of the petition, any such amendments would be superfluous; accordingly, the Alleged Bankrupt argues the original allegations should be stricken.

While this Court agrees that the date of any amendments to paragraphs 5 and 6 would not relate back to the date of the original petition, such a conclusion does not require that leave to amend be denied or that a motion to strike be granted.

*Leave to Amend*

Before addressing the question of "relation back" and the Alleged Bankrupt's motion to strike, it must be determined whether leave to amend may be granted. Such a determination is to be resolved by Federal Rule of Civil Procedure 15(a) and the authority developed thereunder. R.Bankr.Proc. 121, 715.

The general rule of 15(a) is that leave to amend "shall be freely given when justice

so requires." Federal courts have developed a restriction on this general rule by usually requiring that copies of the proposed amendments themselves be attached to the documents evidencing the motion for leave of court. *Smith v. Insurance Co. of North America,* 30 F.R.D. 540, 542 (M.D. Tenn.1962); *Grombach v. Derlikon Tool & Arms Corp.,* 276 F.2d 155, 165 (4th Cir. 1960); C. Wright & A. Miller, 6 *Federal Practice & Procedure* § 1485 (1971).

In the instant case, counsel for the petitioning creditors has not provided copies of his proposed amendments, although documents accompanying his motion indicate that the proposed amendments will simply allege the facts surrounding the acts of bankruptcy referred to in paragraphs 5 and 6 of the original petition. Such an indication of "the gist of the allegations and counts to be added" have, on occasion, been held to be an appropriate substitute for formally proposed amendments. *E. g., Stanley Works v. Haegar Potteries, Inc.,* 35 F.R.D. 551, 554 (N.D.Ill.1964).

This indication of the nature of the amendments to be proposed, coupled with counsel's suggestion that leave to amend expire in thirty (30) days, leads this Court to conclude that leave to amend may indeed be granted, as provided by Fed.R.Civ.P. 15(a).

*Relation Back*

■ Questions of "relation back" of the date of an amendment to the original date of an involuntary bankruptcy petition are governed by the standards of Rule 15(c) of the Federal Rules of Civil Procedure. R.Bankr.Proc. 121, 715. Such questions can be of considerable significance when amendments to allegations of "acts of bankruptcy" are proposed, because only those acts which occur within four months of the date assigned to the allegations may properly be made the subject of the allegations. § 3b, Bankruptcy Act.

■ Rule 15(c) states that relation back will be allowed only when proposed amendments to an allegation describe the same transaction or occurrence that was described in the original allegation. If, of course, the original pleadings do not allege any specific conduct or specific transaction at all, then the amendment can "not relate back to the date of the filing of the petition." 1 *Collier on Bankruptcy* § 104.05 (1975).

■ Such is the situation in the instant case. Paragraph 5 of the original petition alleges that preferential transfers (which are "acts of bankruptcy" under § 3a of the Bankruptcy Act), were made by the Alleged Bankrupt on unknown dates to unknown parties.[1] Paragraph 6 states that on unknown occasions the Alleged Bankrupt either concealed its property with intent to defraud its creditors or fraudulently conveyed its property on unknown dates to unknown third parties.[2] (Both concealment and fraudulent conveyances are "acts of bankruptcy." § 3a.) These allegations are

---

1. Paragraph 5, as it appears in the petition, states:

> Within the four months preceding the filing of this Petition, the Alleged Bankrupt commited [sic] an act of bankruptcy in that it has, while insolvent, made preferential payments or transfers or suffered preferential transfers of its property to or for the benefit of one or more of its other creditors, for or on account of an antecedent debt, the exact names and addresses of the transferees and dates on payments or transfers were made or suffered, and the amounts thereof, are unknown to Petitioners but well-known to the Alleged Bankrupt, and the effect of such payments or transfers will be to enable such creditors to obtain a greater percentage of

their debts than other creditors of the same class.

2. Paragraph 6, as it appears in the petition, states:

> Within the four months preceding the filing of this Petition, the Alleged Bankrupt commited [sic] an act of bankruptcy in that it has, while insolvent, concealed, removed, or permitted to be concealed or removed, part of its property, with intent to hinder, delay or defraud one or more of the creditors, or has made or suffered fraudulent transfers of its property; the exact dates on which the Alleged Bankrupt's property was so concealed or removed, and the exact names and addresses of the transferees, amounts thereof, as well as the dates on which said fraudulent transfers occurred, are unknown to Petition-

insufficiently specific to identify the transactions which are alleged to be acts of bankruptcy. The date of the amended pleadings, therefore, will not relate back to the date of the original petition.

The precedent in this Circuit supports such a conclusion. In the case of *Georgia Jewelers, Inc. v. Bulova Watch Co.,* 302 F.2d 362 (5th Cir. 1962), Chief Judge Brown held that the standard for determining the sufficiency of allegations of acts of bankruptcy for purposes of relation back of the date of an amendment is whether the act is "set forth in enough detail" to identify the transaction. *Id.* at 366. Since the original allegations made in the *Georgia Jewelers* case were ultimately found to have been sufficiently specific, the date assigned to amendments to the allegations was the date which was stamped on the original petition.[3] Conversely, had the requisite specificity not been found to exist, there would have been no relation back.[4]

The specificity requirement of Rule 15(c), which is nothing more than part of the law of bankruptcy procedure for amending petitions, should not be confused with the specificity requirement which appears in Rule 104(c) of Bankruptcy Procedure.[5] This latter requirement governs questions concerning the sufficiency of allegations for the purpose of determining whether the involuntary petition in which they appear has been properly pleaded, *i. e.,* whether the petition may withstand a motion to dismiss. The 104(c) requirement is separate and distinct from the 15(c) requirement, which governs questions concerning the amenability of allegations to amendments which will relate back to the original date on which the allegations were filed. *See* Advisory Committee Notes to Rule 104(c) of Bankruptcy Procedure.

Nonetheless, analogies may be drawn between specificity requirements under Rule 104(c) and specificity disputes under Federal Rules of Civil Procedure 15(c), which is, as noted above, made applicable in bankruptcy by Rules of Bankruptcy Procedure 121 and 715. One such analogy would support an argument that allegations of concealment (paragraph 6 of creditors' petition) need not be couched in terms as specific as allegations of other types of acts of bankruptcy in order to be declared to be amenable to amendments which relate back. *See Peterson v. Peterson,* 400 F.2d 336 (8th Cir. 1968) (Blackmun, J.); *In re Bellah,* 116 F. 69 (D.Del.1902). (Both cases address the sufficiency of allegations in the Rule 104(c) sense.) It is this Court's conclusion, however, that, even if the 104(c) relaxed standard for pleading concealment may be said to apply by analogy to 15(c) relation back disputes, the standard has not been satisfied in the instant case, because the relaxed standard requires at a minimum that the date of concealment, the property which is the subject of the concealment, and perhaps the manner of concealment be identified. *See Peterson* at 343; *Bellah* at 70.

*Motion to Strike*

Having determined that leave to amend may be granted and having resolved the question of relation back, this Court must,

---

ers but are well-known to the Alleged Bankrupt.

3. Counsel for petitioning creditors argues that the *Georgia Jewelers* case provides authority under which his clients may be "permitted to discover the books and records of the alleged bankrupt and use evidence established by that investigation to support an amendment of the original petition."

While this is a correct interpretation of the case, it cannot be said that *Georgia Jewelers* permits relation back under Rule 15(c) for amendments to original allegations which are insufficiently specific. *See also In re East Coast Mechanical Contractors, Inc.,* 2 B.C.D. 1309 (Bk.Ct.D.Conn.1976).

4. A trilogy of decisions handed down by a Second Circuit panel consisting of Judges Chase, Clark, and Learned Hand define a standard similar to that which governs in this Circuit for the relation back of amendments to allegations of acts of bankruptcy. *In re Fuller,* 15 F.2d 294 (2d Cir. 1926); *Glint Factors v. Schnapp,* 126 F.2d 207 (2d Cir. 1942); *Dworsky v. Alanjay Bias Binding Corp.,* 182 F.2d 803, 806 (2d Cir. 1950).

5. Rule 104(c) states:

The facts constituting an act of bankruptcy shall be alleged with sufficient particularity to identify the transaction or occurrence.

in light of those conclusions, rule on Alleged Bankrupt's motion to strike.

In support of the motion to strike, counsel for the Alleged Bankrupt argues that granting leave to amend "would be superfluous inasmuch as no such amendment could relate back to the filing of the petition."

As described above, the concept of relation back affects only the date assigned to amended allegations. Accordingly, this Court's conclusion that paragraphs 5 and 6 of the creditors' petition are not amenable to amendments which will relate back to the petition date does not affect the ability of creditors to amend their petition. Only if it were impossible to allege that any acts of bankruptcy as all occurred within the four-month period preceding the date on which the amendments are eventually filed would the motion to strike have merit. Such an impossibility would be difficult to demonstrate, and it certainly has not been shown to be the case here.

In accordance with the foregoing, an Order is entered contemporaneously herewith DENYING Alleged Bankrupt's motion to strike and GRANTING petitioning creditors' motion for leave to amend.