In re THIRTEEN CHAPTER 7 CASES OF FORMER TRUSTEE THOMAS M. GERMAIN.

Byron Paul YOST, Successor Trustee, and United States of America, ex rel. Byron Paul Yost, Successor Trustee, Plaintiffs,

v.

SEABOARD SURETY COMPANY and Thomas M. Germain, Defendants.

Adv. No. 2–94–2469.

United States Bankruptcy Court, D. Connecticut.

May 12, 1995.

376

Dominic J. Fulco, and William J. Sullivan, Baker & Fulco, Wethersfield, CT, for plaintiff-trustee.

Lawrence G. Rosenthal, Wolf, Horowitz & Thayer, Hartford, CT, for Seaboard Sur. Co., defendant.

Thomas M. Germain, Montgomery, PA, pro se.

*MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM*

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

Byron Paul Yost (Yost), as successor trustee in thirteen Chapter 7 cases and also in the name of the United States of America (together, the plaintiffs), brought a complaint against Thomas M. Germain (Germain), the prior trustee in each of the thirteen cases, and against Seaboard Security Company (Seaboard), a company which had bonded [1] at all relevant times Germain's trustee activities.[2] The complaint generally alleges, in three separate counts for each bankruptcy case, (1) that Germain had both embezzled monies from the bankruptcy estate and engaged in other misconduct, causing losses to the estate; (2) that Germain's misconduct constituted breaches of the bond issued by Seaboard, making Seaboard liable to the United States for such losses; and (3) that Seaboard is also liable to the individual bankruptcy estate for such losses.

Germain filed a responsive pleading to the complaint which, *inter alia,* included a counterclaim containing two counts. The first count, entitled "Trustee's Bond Claim ex rel United States of America," avers that Yost, as successor trustee, negligently handled his duties in each estate and is liable to each estate for resulting damages. The second count, entitled "Indemnification for Active Negligence," asserts that Yost has commenced an action against him for damages to the estates, and that if Germain is liable in damages, the damages were caused by "the active negligence of Yost," and Yost must indemnify Germain for any judgment entered against Germain.

The plaintiffs filed a motion to dismiss both counts of the counterclaim pursuant to Fed.R.Civ.P. 12(b)(1) ("lack of jurisdiction over the subject matter") and 12(b)(6) ("failure to state a claim upon which relief can be granted"), made applicable in bankruptcy adversary proceedings by Fed.R.Bankr.P. 7012(b).

### II.

The court in resolving this motion under Rule 12(b)(6) must accept as true all allegations of the counterclaim and draw all reasonable inferences in the counterclaimant's favor. *See Sykes v. James,* 13 F.3d 515, 519 (2nd Cir.1993). "[A counterclaim] should not be dismissed unless it appears beyond doubt that the [counterclaimant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### III.

The plaintiffs assert in support of the motion to dismiss the first count of the counterclaim that Germain does not qualify as a party in interest under Rule 2010(b); that he lacks standing to pursue the counterclaim based upon Yost's asserted negligent performance of his duties; and that Germain lacks authority to bring an action in the name of the United States. The plaintiff's arguments are not sustainable under the standards set out in Section II, *supra.*

As the plaintiffs note in their memorandum (*see* Plaintiffs' Memorandum at 13), the thrust of the first count, despite its heading, is *not* an action under Rule 2010(b) since it makes no claim on a bond. Germain, consequently, is not bringing the counterclaim on behalf of the United States. Rather, the first count states a cause of action based on Yost's asserted negligence. If a party in interest, under Rule 2010(b), may bring an action against a trustee's surety, it is logical that such party may bring a direct action against the trustee.

The term "party in interest," which the Bankruptcy Code does not define, "is generally understood to include all persons

---

1. Bankruptcy Code § 322(a) requires a trustee in a case under Title 11 to file a bond in favor of the United States conditioned on the faithful performance of the trustee's official duties.

2. Fed.R.Bankr.P. 2010(b) provides:

    (b) *Proceeding on Bond.* A proceeding on the trustee's bond may be brought by any party in interest in the name of the United States for the use of the entity injured by the breach of the condition.

whose pecuniary interests are directly affected by the bankruptcy proceedings." *In re Hutchinson,* 5 F.3d 750, 756 (4th Cir.1993) (citations and internal quotations omitted). *See also In re Savage Industries, Inc.,* 43 F.3d 714, 721 (1st Cir.1994) ("The term parties in interest encompasses not only entities holding claims against the debtor, but any entity whose pecuniary interests might be directly and adversely affected by the proposed action."). An entity holding a claim against a debtor qualifies as a party in interest. *In re Comcoach,* 698 F.2d 571, 573 (2d Cir.1983). Germain, in his responsive pleading entitled "Fifth Special Defense," claims to be an administrative expense creditor of the estates for unpaid fees and reimbursement of expenses due him. Thus, while the issue of whether an entity qualifies as a party in interest must be analyzed on a case by case basis, *see In re Amatex Corp.,* 755 F.2d 1034, 1042 (3d Cir.1985), there is no dispute that Germain, as an alleged creditor in the present proceeding, so qualifies. The plaintiffs' motion to dismiss the first count of the counterclaim is denied.

## IV.

■ The plaintiffs seek to dismiss the second count of the counterclaim arguing that (1) a claim for indemnity is not ripe, and (2) no independent legal relationship exists between Yost and Germain. Germain responds that he can seek indemnification from Yost "for losses resulting from the co-fiduciaries [sic] active negligence." Germain's Memorandum at 9.

■ Under the allegations made both in the complaint and in the counterclaim, Yost and Germain were not *co-fiduciaries* of each estate, but were *successive* trustees or fiduciaries. If, as Germain alleges, the estates may have suffered injuries based upon Germain's initial negligence, and such injuries were exacerbated by Yost's subsequent negligence, Germain has established a claim for *contribution,* not indemnification.

Contribution and indemnification are based on fundamentally different principles. Parenthetically, it perhaps should be pointed out that both an implied obligation to indemnify and contribution are based on equitable principles. But indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others.

*Kyrtatas v. Stop & Shop, Inc.,* 205 Conn. 694, 701, 535 A.2d 357 (1988) (citations and quotation marks omitted). As detailed by the court in *United States v. Yale New Haven Hospital,* 727 F.Supp. 784, 785–86 (D.Conn. 1990), Connecticut law provides that ordinarily there is neither a right of indemnity nor of contribution between joint tort-feasors. Connecticut law, however, permits apportionment of damages where "the independent acts of two or more persons combine to bring about one injury *and* one of the actors seeks to isolate his monetary liability by proving the damages arising from his particular involvement in the harm to the plaintiff." *Id.* at 786. Construing Germain's allegations in the light most favorable to him, Germain has stated a claim against Yost for apportionment should Germain be found liable in full for damages which only partially are attributable to his misconduct. The court perceives no reasons why all such issues should not be heard in the proceeding. *See* Fed. R.Civ.P. 18(b),[3] *incorporated by* Fed. R.Bankr.P. 7018; *Smith v. Insurance Co. of North Am.,* 30 F.R.D. 540, 543–44 (M.D.Tenn.1962) (holding that although right of subrogation, upon which counterclaim was based, could not arise until claim was paid, Rule 18 permits a counterclaim in "any case in which two related actions may be determined in a single proceeding without prejudice to substantive rights"). The plaintiffs' motion to dismiss the second count of the counterclaim is not sustainable.

---

**3.** Rule 18(b) provides:

(b) *Joinder of Remedies; Fraudulent Conveyances.* Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to that plaintiff, without first having obtained a judgment establishing the claim for money.

## V.

The plaintiffs' motion to dismiss the counterclaim filed by the defendant, Thomas M. Germain, is denied. It is

SO ORDERED.