UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DIANNA MAE SAVILLA, as
Administratrix of the Estate of
Linda Sue Good Kannaird,
deceased,

*Plaintiff-Appellee,*

v.

SPEEDWAY SUPERAMERICA, LLC, a
Delaware Corporation, d/b/a Rich
Oil Company; CITY OF CHARLESTON,
a municipality; CHARLESTON FIRE
DEPARTMENT; BRUCE GENTRY; ROB
WARNER,

*Defendants-Appellants.*

No. 02-2364

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CA-02-1004-2)

Submitted: November 28, 2003

Decided: January 22, 2004

Before WILKINS, Chief Judge, TRAXLER, Circuit Judge, and
Richard D. BENNETT, United States District Judge for the District
of Maryland, sitting by designation.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Jeffrey K. Phillips, Ancil G. Ramey, STEPTOE & JOHNSON, PLLC, Charleston, West Virginia, for Appellants City of Charleston, Charleston Fire Department, Bruce Gentry, and Rob Warner; Joseph S. Beeson, David L. Yaussy, Keith J. George, Robert P. George, ROBINSON & McELWEE, PLLC, Charleston, West Virginia, for Appellant Speedway SuperAmerica, LLC. Margaret L. Workman, MARGARET WORKMAN LAW, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Speedway SuperAmerica, LLC, the City of Charleston, the Charleston Fire Department, Bruce Gentry, and Rob Warner (collectively, "Appellants") appeal a district court order remanding Dianna Mae Savilla's claims to the Circuit Court of Kanawha County, West Virginia. Appellants contend that the district court erred in determining that the notice of removal was premature. Because we agree, we vacate the order and remand.

I.

Savilla, as the administratrix of the estate of Linda Kannaird, filed suit against Appellants in the Circuit Court of Kanawha County on April 11, 2000 for events that allegedly caused Kannaird's death on February 18, 2000. On July 31, 2002, Savilla filed a motion to amend her complaint "to add an additional claim . . . wherein Plaintiff asserts that her constitutional rights of equal protection and due process have been violated." J.A. 18. She further characterized these constitutional rights as deriving in part from "the Fourteenth Amendment to the

United States Constitution, as enforced by 42 U.S.C. § 1983." *Id.* at 21. In addition to the motion, Savilla filed an accompanying document styled "Second Amended Complaint." *Id.* at 37. This filing also referred to both federal law and the federal constitution. The document is signed by counsel and bears both a "FILED" stamp dated July 31, 2002 and the initials of a clerk of the circuit court. *Id.* at 36. The documents were served on Appellants' counsel.

On August 7, 2002, the Kanawha County Circuit Court granted Savilla's motion to file the Second Amended Complaint. The order stated that Appellants' counsel were authorized to accept service on their clients' behalf and that Appellants had 30 days within which to file motions to dismiss. Later that same day, Appellants filed a notice of removal pursuant to 28 U.S.C.A. §§ 1441, 1443, 1446 (West 1994 & Supp. 2003), asserting federal question jurisdiction under 28 U.S.C.A. §§ 1331, 1343 (West 1993).

Two weeks after the removal of the case to the district court, Savilla moved to remand the matter back to the state court, claiming that no complaint asserting a federal question had ever been filed. On November 7, 2002, without a hearing, the district court concluded that removal was premature because, at the time the notice of removal was filed, the state court had only granted leave to amend the complaint, and no amended complaint had been filed. Based on this conclusion, the district court remanded the case to the state court.

## II.

Appellants contend that the district court erred in determining that the case was not removable at the time Appellants filed their notice of removal. The parties disagree regarding whether we should review the district court ruling de novo or for clear error. We need not resolve this dispute, however, because the district court ruling cannot survive even under the more deferential standard.

Subject to exceptions not relevant here, a defendant may remove an action from a state court to a federal court when the action could have originally been brought in federal court. *See* 28 U.S.C.A. § 1441.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C.A. § 1446(b).

Here, the record establishes that Savilla filed the Second Amended Complaint on July 31, 2002. The Second Amended Complaint was stamped as "FILED" in the Kanawha County Circuit Court on July 31, 2002, and the state court docket sheet reflects the filing of the Second Amended Complaint on that date. The record further reflects that the Second Amended Complaint was served on Appellants' counsel that same day. Thus, when the state court granted Savilla leave to file the Second Amended Complaint on August 7, 2002, that order operated to amend the complaint. *Cf. Smith v. Ins. Co. of N. Am.*, 30 F.R.D. 540, 542 (M.D. Tenn. 1962) (interpreting Fed. R. Civ. P. 15(a), which is identical to the West Virginia rule applicable here, and holding that when proposed amendments were served on the opposing party, a court order allowing the amendments operated to amend the pleadings; no further action by the party granted leave to amend was required). And, the order granting Savilla leave to file the Second Amended Complaint reflects that. *See* J.A. 41 (stating that Appellants "do not concede that [Savilla] *has pled* a cognizable claim as *the defendants expressly deny the claims set forth in the Second Amended Complaint* (emphasis added)); *id.* (giving Appellants 30 days in which to respond to the Second Amended Complaint and not discussing any further action required of Savilla).

Because Appellants' notice of removal was filed after Savilla's complaint was amended to include federal civil rights claims, removal was proper under 28 U.S.C.A. § 1446(b) and was not premature. We therefore vacate the order of the district court remanding Savilla's claims to state court, and we remand for further proceedings.*

---

*Savilla argues that the document entitled "Second Amended Complaint" was not in fact an amended complaint, but rather merely a "draft"

*VACATED AND REMANDED*

complaint that was included with her motion seeking leave to amend. Br. of Appellee at 5. However, the record clearly refutes that proposition. The Second Amended Complaint was not identified as a "draft" in any way. Indeed, Savilla's counsel signed it.

Savilla also maintains that removal was improper in light of the statutory prohibition against removal "more than 1 year after commencement of the action," 28 U.S.C.A. § 1446(b). This limitation applies only in diversity cases, however; removal here was based on federal question jurisdiction and on the fact that the amended complaint alleged that Kannaird's civil rights were violated, *see* 28 U.S.C.A. §§ 1331, 1343, 1443.

Finally, Savilla contends that we should affirm the remand order because this suit raises mostly state law claims. This suggestion ignores the fact that federal district courts have supplemental jurisdiction over cases that include state law claims that are intertwined with federal ones. *See* 28 U.S.C.A. § 1367 (West 1993).