## SCHWAB et al. v. NATHAN et al.
### Civ. 34–1.

District Court, S. D. New York.

May 13, 1948.

See also 8 F.R.D. 228.

Gerald I. McCarthy, of New York City, and Charles Edwin Wallington, of Philadelphia, Pa., for plaintiffs.

Nathan, Mannheimer, Asche & Winer, of New York City (Norman Winer, of New York City, of counsel), for defendants.

HULBERT, District Judge.

Plaintiff moves for leave to serve an amended complaint.

The action was commenced on Nov. 22, 1945 and issue was joined by the service of an answer on Jan. 7, 1946. The delay is reasonably accounted for by the death of the attorney of record and the counsel for the plaintiff.

Specifically, the motion is to amend the complaint so as to include therein a second count. No proposed amendment is attached to the motion papers. Counsel who argued the motion for the plaintiff stated that he had not yet been able to prepare the proposed amendment, and defendants contend they were unable to take any other attitude than to object to the amendment upon the ground that they were without any knowledge as to the nature, or details of the amendment.

In my 46 years of practice, I cannot recall any instance in which I have been on one side or the other when an application was made to amend the complaint or answer, that the proposed amendment was not served as a part of the moving papers. However, there is no controlling provision in the Federal Rules of Civil Procedure. and in this instance the Court would have

the right to apply the prevailing section under the New York Civil Practice Act, pursuant to Rule 34 of the Local Rules of this Court,—but there appears to be no controlling provision in that Act or in the Rules of Procedure in the New York State Courts.

However, it was said by Scott, J., in Plitt v. Illinois Surety Co., 165 App.Div. 973, 150 N.Y.S. 756, (1st Dept. 1914): "It is a well-established rule, which in our opinion should not be departed from, that no motion for leave to serve an amended or supplemental pleading should be granted, unless the motion papers include a copy of the pleading which it is desired to serve. The only exception to this rule is when the proposed amendment is purely formal and of a character which does not affect the issues. No such proposed pleading was served in the present case, and the motion for that reason should have been denied."

Nevertheless, common sense dictates the necessity of having before the Court the proposed amendment. Therefore, the disposition of this motion will be held in abeyance and the plaintiffs' attorney is herewith required to serve upon the attorneys for the defendant, and file with the Clerk of this Court, with proof of such service, the proposed amendment to the complaint within fifteen days, and an opportunity will be given counsel to be heard in my Chambers on a date, and at an hour to be specified, if the defendants desire such opportunity.