The STANLEY WORKS, Plaintiff,

v.

HAEGER POTTERIES, INC., and Package Production, Inc., Defendants.

Civ. A. No. 64 C 124.

United States District Court
N. D. Illinois, E. D.
June 16, 1964.

3. 29 U.S.C.A. § 141 et seq.

George N. Hibben, Hibben, Noyes & Bicknell, Chicago, Ill., Reinhold & Kroeger, Freeport, Ill., Peter L. Costas, Hartford, Conn., of counsel, for plaintiff.

M. Hudson Rathburn, Mason, Kohlehmainen, Rathburn & Wyss, Chicago, Ill., Jayne & Whiton, Freeport, Ill., for defendants.

MAROVITZ, District Judge.

1) Motion of plaintiff to amend Summons and Complaint to add parties defendant.

2) Plaintiff's objections to defendant's interrogatories.

1) This consolidated cause arises out of an alleged infringement of plaintiff's patent covering a skin-packaging technique. Plaintiff seeks at this time to amend the summons and complaint in this action by adding the Dow Chemical Co. and the Continental Can Company as parties defendant.

As grounds therefor, plaintiff asserts that the potential defendants have been guilty of contributory infringement of plaintiff's patent, and have further induced infringement thereof. More specifically, plaintiff seeks to complain of the actions of Dow and Continental in selling their "coated film" for use in the patented process to non-licensed companies, when such films are not known to have been sold for any other substantial non-infringing use. By so doing, plaintiff contends, the parties have violated Section 271(c), Title 35, U.S.C. That section provides that a person who sells " * * * a material * * * for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

Secondly, plaintiff seeks to charge, in the complaint, that said parties have actively induced infringement of a patent in violation of Section 271(b), Title 35, U.S.C., by agreeing to indemnify and defend the non-licensed defendants presently before the court in any patent suit brought against them.

The prospective parties defendant oppose such amendment. As grounds therefor, said parties assert that no verified and sworn to statements have been made by plaintiff. This factor has been remedied by plaintiff's reply brief which includes the "missing" affidavits. The parties further object on the grounds that the proposed amended complaint is not presented, and that, on the merits, no inducing of infringement, or contributory infringement can be demonstrated. Finally, it is asserted that the addition of these parties as defendants will greatly complicate the issues of the case, to no useful purpose.

Rule 20 of the Federal Rules of Civil Procedure provides that "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any question of law or fact common to all of them will arise in the

action." Parties may be added under the terms of Rule 21 on such conditions as are just.

■ The granting of such a motion to add parties is a matter of discretion with the trial court. Meyercheck v. Givens, (7th Cir., 1950) 180 F.2d 221.

■ In response to the first objection, plaintiff has agreed to provide the amended complaint and summons if the court so desires. It is not necessary under law that the parties submit their pleadings at this time. The motion sets forth in sufficient particularity the gist of the allegations and counts to be added. When permission to amend is granted, however, the plaintiff must promptly comply with Rules 3 and 4. Barron and Holtzoff, Federal Practice and Procedure, (Rules Edit.), Ch. 8, Sec. 543, p. 223.

■ This court need not, and will not, rule on the merits of the amendment to the complaint at this time. The effect of the indemnity contracts in inducing infringement, and the amount of possible non-infringing use inherent in the coated films, are contested issues which should be resolved at trial, and not at this stage of the proceedings. The averments made in plaintiff's brief, supported by affidavits, are sufficient to permit amendment. Determination of the merits of these claims should not be made until completion of discovery procedures permit this court to be more fully apprised of the facts.

■ Rules 20 and 21 are intended to promote trial convenience, to expedite the determination of litigation, and to avoid multiplicity of suits. The allegations made against the prospective defendants arise out of the same factual situation presently pending before the court. Alleged infringement by the use of coated film in the packaging process is at issue now before the court. The issue of alleged sales by the prospective defendants is closely intertwined with the pending controversy, as liability for contributory infringement arises only in the presence of actual infringement. Similarly the validity of the patent is at issue in both claims.

■■ It is clear that parties jointly liable for patent infringement may be added as defendants in an infringement suit. Harman v. Scott, (D.C.Ohio, 1960) 183 F.Supp. 138; Boysell Co. v. Franco, (D.C.Ga., 1939) 26 F.Supp. 421. It would seem that where the party to be added allegedly made possible that infringement, induced it and contributed thereto, judicial economy would require that party's presence in the original infringement suit, as well. Accordingly, the motion of plaintiff for leave to amend is granted.

2) This court has been asked to rule on plaintiff's objections to ten interrogatories proffered by defendant in this suit. Varied questions of attorney-client privilege, work-product immunity, trade secret disclosure, and oppressiveness are posed therein. Each objection will be considered individually.

Interrogatory No. 3 calls for identification of all correspondence between Arthur D. Little, Inc. and plaintiff which relates to skin-packing, materials or equipment therefor, the patent in suit, and licenses thereunder. Plaintiff objects on the grounds that said interrogatory is too general, all-inclusive and indefinite, violates the attorney-client and work product immunities, and requests immaterial information.

■ Plaintiff and Little, Inc. are partners in a joint licensing program for the exploitation of the patent in suit. Although Little, Inc. is not a formal party before this court, its close relationship to plaintiff and the suit at bar must be recognized. Much of the correspondence sought to be identified was between plaintiff's staff and patent counsel, and Arthur D. Little, Inc., in preparation for trial. Such correspondence, in view of the parties' relationship, will be considered privileged and need not be *produced*. Ellis Foster v. Union

Carbide Corp. (D.C.N.J., 1958) 159 F. Supp. 917; Transmirra Products Corp. v. Monsanto Chemical Co., (S.D.N.Y., 1960) 26 F.R.D. 572. Similarly, correspondence concerning tests conducted by Little in connection with this action is non-discoverable, being part of plaintiff's attorneys' work product. Defendant's counsel is free to have similar tests conducted privately. Where attorneys for parties having a mutual interest in litigation exchange their work product, it remains protected by a qualified privilege. Transmirra v. Monsanto, supra. All requested correspondence between Little, Inc. and plaintiff must be identified, but the above mentioned exceptions will apply to any requests for production.

■ Interrogatory No. 4 asks for identification of similar correspondence between Peter Costas, plaintiff's trial counsel, and Little, Inc. In the opinion of this court, Little, Inc., although not an official party to this law suit, is in substance equally concerned with the outcome, and its communications with plaintiff's attorney need only be identified, but not produced. Earlier communications made with an eye towards possible litigation will also fall within this protection.

■ The fifth interrogatory (No. 5) requests identification of all correspondence between said Peter Costas and others. Communications betwen Costas and associate counsel retained by him are clearly immune from discovery. Also, communications between Costas and technical experts in regard to this litigation, and in preparation therefor are immune. Cold Metal Process Co. v. Aluminum Corp. of America, (D.C.Mass., 1947) 7 F.R.D. 684. Correspondence with prospective licensees concerning plaintiff's developments in skin packing, but not specifically the patent in issue is irrelevant and plaintiff need not reveal trade secrets included therein. Once again, identification should be made, so that documents not covered by the aforesaid immunities may be selected.

■ Interrogatory No. 8 requests identification of all similar correspondence between plaintiff and others, excepting Little, Inc. It has been stipulated by counsel that this interrogatory does not include correspondence of or to plaintiff's attorneys. Plaintiff need not produce irrelevant correspondence concerning other inventions and trade secrets, but shall be ordered to provide identification of all correspondence with licensees in regard to the patent at issue, including invention thereof, relationship to the prior art, and commercial use.

■ Plaintiff next objects to Interrogatory No. 9. Said interrogatory requests information identifying all correspondence between plaintiff or Little, Inc., and the "producer or supplier of film concerning the packaging of articles by encasement of an article between film and a paperboard carrier or base sheet, either porous or non-porous, and either perforated or imperforated." Plaintiff's objections on the grounds of oppressiveness cannot be accepted. Under the liberal federal rules of discovery, such an objection will not be allowed to stand without a greater showing of hardship. Plaintiff will not have to produce any documents, however, which reveal trade secrets unrelated to the patent at issue.

■ Turning next to Interrogatory No. 12(a), defendant seeks identification of documents in the possession of plaintiff or Little, Inc., pertaining to "tests to determine the nature of the bond between any paper-board carrier or base sheet and any polyolefin film treated with polyethylamine in skin packages." Similarly, Interrogatory No. 14(a) calls for identification of all documents relating to "tests to determine factually whether a polyolefin film produced in accordance with the teachings of the patent in suit becomes bonded to a paper or paperboard carrier by its own substance as stated in the specification and claims of the patent in suit. Plaintiff objects in part on the grounds of attorney-client privilege and work-product immunity. De-

fendant is entitled to discovery on this issue, so as to determine the factors of "lack of invention" and "inoperativeness" in regard to the validity of the patent, unless defendant is able to conduct such tests on its own. Plaintiff must identify each document in its possession. If defendant should choose to inspect privileged documents, plaintiff may later object to this court.

The court is unable to rule further on Interrogatory 24(a) at this time. Without a clear showing of privilege, plaintiff is ordered to identify the documents sought. When inspection is requested, disputes as to particular documents shall be reached.

■ Interrogatory No. 28 asks for identification of all correspondence between the patent attorney representing plaintiff in the prosecution of the patent in suit and plaintiff or Little, Inc., and for identification of all such correspondence as to which privilege is claimed. In keeping with the court's earlier determination, correspondence between plaintiff's attorney and Little, Inc. may well be privileged. Plaintiffs need only produce materials not relating to prosecution of the patent application. Ellis-Foster Co. v. Union Carbide and Carbon Co. (D.C.N.J., 1958) 159 F.Supp. 917. However, all documents must be identified, so that defendant may elect which ones he seeks to have produced.

■ Finally, plaintiff objects to Interrogatory No. 30, which calls for identification of all correspondence relating in any way to skin-packaging materials and/or apparatus, sent between Ludlow Papers, Inc. and Little, Inc. Plaintiff must provide the information requested insofar as said communications deal with the patent in suit. Plaintiff may not have the right to place Little, Inc.'s correspondence within the attorney-client privilege in one breath, and then reverse itself to claim that Little, Inc.'s communications with a third party are irrelevant.