Victor NATION, Plaintiff,

v.

UNITED STATES GOVERNMENT et al., Defendants.

No. C–3–79–215.

United States District Court, S. D. Ohio, W. D.

March 25, 1981.

Henry L. Gross, Dayton, Ohio, for plaintiff.

Joseph J. Chillinsky, Dayton, Ohio, for Sheriff of Marion County.

Robert J. Fogarty, Dayton, Ohio, for U. S. Government.

Richard L. Darst, Indianapolis, Ind., for Sheriff of Marion County.

DECISION AND ENTRY ON MOTIONS; PLAINTIFF ORDERED TO SUBMIT PROPOSED AMENDMENT WITHIN STATED PERIOD OF TIME; RULING ON PLAINTIFF'S MOTION TO AMEND DEFERRED; MOTION OF DEFENDANTS HALL AND UNITED STATES TO DISMISS SUSTAINED; MOTION TO TRANSFER SUSTAINED; CASE TRANSFERRED TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA; TERMINATION ENTRY

RICE, District Judge.

Three outstanding motions are pending in the captioned cause, each of which was submitted to this Court upon memoranda, oral hearing having been waived by the parties, to wit:

(1) the motion of the Defendant Sheriff of Marion County, Indiana, seeking an Order of Court transferring the action to the United States District Court for the Southern District of Indiana;

(2) the motion of the Defendants United States Government Bureau of Prisons and William E. Hall (Director, United States Marshals Service), seeking an Order of Court dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted, for lack of subject matter jurisdiction, and for improper venue; and

(3) the motion of the Plaintiff, Victor Nation, seeking an Order of Court granting leave to amend his Complaint.

Based on the allegations in the unamended Complaint, Plaintiff's cause appears to have arisen on or about May 30, 1976, during a period in which Plaintiff was a prisoner in the care and custody of the United States Government (Compl. ¶ 10), the United States Marshals Service (Compl. ¶ 5), and/or the Sheriff of Marion County (Compl. ¶ 3). Plaintiff alleges that he was subjected to threats of violence and sexual assault during custody, "due to the negligence of the United States Marshal and the Sheriff of Marion County" (Compl. ¶ 6), and in violation of certain constitutional responsibilities of the United States Government (Compl. ¶ 10). Plaintiff predicates the liabilities of the Defendants on "Title VII of the Act known as 'The Civil Rights Act of 1964,' as amended, 42 U.S.C. Section 2000(e), et seq." (equal employment opportunity), 42 U.S.C. Section 1983 (civil action for deprivation of rights), and the 8th and 14th Amendments. (Compl. ¶ 1) The Court's jurisdiction is invoked pursuant to 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1343 (civil rights).

### A. PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

Although a proposed amended complaint has not been submitted with the motion for leave to amend, Plaintiff indicates by memorandum that the amendment will further allege liability on the part of the Defendant United States Government under the Federal Tort Claims Act, 28 U.S.C. Section 2671 et seq., and thereby invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1346(b) (United States as defendant in tort claim).

Defendants Sheriff of Marion County and the United States Government oppose Plaintiff's motion for leave to amend for reasons that: (1) the motion to amend is inadequately supported under the Federal Rules of Civil Procedure and Southern District of Ohio Rule 3.5.1; (2) the motion to amend is untimely, having been filed after the cutoff date set forth in Judge Rubin's Pretrial Order of August 30, 1979; (3) the motion to amend is inappropriate in view of Plaintiff's failure to respond to the prior motion to dismiss as required by Southern District of Ohio Rule 3.5.2; and (4) the Complaint as amended would not avoid the defects set forth in the prior motions for dismissal and transfer.

Although the Civil Rules do not expressly deal with the manner of presentation of amendments to pleadings, there is substantial authority for the proposition that Civil Rules 7(b)(1) and 15(a) *impliedly* require submission of the proposed amended pleading with the motion to amend. *Glen Falls Ins. Co. v. Newton Lumber & Mfg. Co.*, 388 F.2d 66 (10th Cir. 1967), *cert. denied*, 390 U.S. 905, 88 S.Ct. 821, 19 L.Ed.2d 873 (1968); *Schwab v. Nathan*, 8 F.R.D. 227 (S.D.N.Y.1948); *Lilly v. United States Lines Co.*, 42 F.Supp. 214 (S.D.N.Y.1941); 3 *Moore's Federal Practice*, ¶ 15.12. *But cf. Stanley Works v. Haeger Potteries*, 35 F.R.D. 551 (N.D.Ill.1964) (motion to add parties by amendment allowed without presentation of proposed amendment). In the present case, it appears that Plaintiff's amendment will set forth a new and significantly different theory of liability against the United States Government (state law tort), and an additional jurisdictional basis requiring that certain additional facts be pleaded. 28 U.S.C. § 2675(a); *Altman v. Connally*, 456 F.2d 1114 (5th Cir. 1972) (exhaustion of administrative remedies on tort claim against United States required and must be pleaded). Therefore, Plaintiff's motion for leave to amend is neither "purely formal" nor "of a character which does not affect the issues." Disposition of said motion should be held in abeyance pending

submission of the proposed amendment. *Schwab, supra* at 228. Otherwise, Plaintiff's motion for leave to amend adequately sets forth the "grounds therefor" and the "authorities relied upon." Civil Rule 7(b)(1); S.D.Rule 3.5.1.

■ Plaintiff's motion for leave to amend was filed on October 11, 1979, forty-one days after the September 1 cutoff date on "motions directed to pleadings," set forth in Judge Rubin's Preliminary Pretrial Order of August 30, 1979. However, in view of the statement of Plaintiff's counsel in memorandum that he was only advised by his client of the exhaustion of administrative remedies on the tort claim (pursuant to 28 U.S.C. § 2675(a)) subsequent to the filing of the original complaint, Plaintiff's motion is also construed as one seeking an extension of time within which to file a motion "directed to pleadings." The failure of Plaintiff's counsel to initially inquire into satisfaction of the § 2675(a) requirement constitutes, at worst, excusable neglect. Therefore, pursuant to Civil Rule 6(b), there being no indication of prejudice to Defendants herein due to the delay in filing the motion, said motion is considered timely despite its tardiness under the terms of the pretrial order.

■ Plaintiff did not respond to the Government's motion to dismiss prior to seeking leave to amend, and Plaintiff has not yet responded to date. S.D.Rule 3.5.2 provides that such failure "may be cause for the Court to grant the motion [for dismissal] as filed." However, if the motion for dismissal were to be granted, Plaintiff's subsequent motion for leave to amend would not thereby be precluded unless an incurable defect in Plaintiff's original complaint was the actual basis for dismissal. 3 *Moore's Federal Practice* ¶ 15.10. Thus, dismissal for failure to respond to the motion to dismiss would not alone render Plaintiff's motion for leave to amend inappropriate.

### B. DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

■ With respect to the motion to dismiss of the Defendants Hall and the United States Government, the Court agrees that no claim is stated under Title VII of the Civil Rights Act of 1964. No statement of prohibited *discriminatory* conduct can be reasonably construed from the allegations in the Complaint, much less discriminatory conduct in *employment.* Similarly, no claim is stated against the federal government or the federal officer, Hall (either in an individual or official capacity), under 42 U.S.C. § 1983. The liability provided in Section 1983 may be asserted only against state officers or persons acting under color of state law. *Wheeldin v. Wheeler,* 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963); *McNally v. Pullizter Publishing Co.,* 532 F.2d 69 (8th Cir. 1976), *cert. denied,* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131. Although federal officers may be subjected to Section 1983 liability under a theory of joint conspiracy or participation with state officials in the deprivation of rights, a plaintiff pursuing such theory is (for purposes of a motion to dismiss):

> bound to do more than merely state vague and conclusory allegations respecting the existence of a conspiracy. It [is] incumbent upon him to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.

*Peck v. United States,* 470 F.Supp. 1003, 1008 (S.D.N.Y.1979) (quoting *Powell v. Workmen's Compensation Bd.,* 327 F.2d 131, 137 (2d Cir. 1964)). In the present case, the unamended Complaint is not sufficiently specific with respect to the conduct of the Defendant Hall to state a "participation" claim against him under Section 1983.

■ Moreover, assuming that the mere subjection to *threats* of violence and sexual assault while in custody constitutes an otherwise actionable deprivation of 8th Amendment rights, *but cf., Gray v. Creamer,* 465 F.2d 179, 187 (3d Cir. 1972) (allegation of "extreme type of situation required to establish deprivation"); *Wright v. McMann,* 387 F.2d 519 (2d Cir. 1967) (*threats* of beating *by prison officials* suffi-

cient when *coupled with* non-hygienic conditions); *Penn v. Oliver*, 351 F.Supp. 1292 (E.D.Va.1972) (actual assault by 3d person, if isolated, is insufficient), Plaintiff has nonetheless failed to state an independent claim against the Defendant Hall or the United States Government based directly on that constitutional provision (i. e., in a manner similar to that recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (allowing cause of action for damages against federal officers directly on 4th amend.)). *See e. g., Chapman v. Pickett*, 586 F.2d 22 (7th Cir. 1978) (recognizing action for damages directly on 8th amend.). An action for damages for injury to 8th Amendment rights, including a prisoner's right to be protected from harm while in custody, *cf. Holt v. Sarver*, 442 F.2d 304, 308 (8th Cir. 1971), must be predicated on conduct in "deliberate deprivation" of such rights. *Little v. Walker*, 552 F.2d 193, 197 (7th Cir. 1977), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978). The applicable standard requires that the responsible officials have had "actual intent" to deprive, or have acted with "recklessness" in such disregard of the prisoner's rights as to suggest an absence of good faith. *Id.* at 197–98 n. 8. In the present case, Plaintiff's allegations that his injury was the result of Defendants' *negligence* (Compl. ¶¶ 6 & 9) simply pleads too much; "mere inadvertance or negligence" will not support liability for constitutional deprivation. *Id.*

Defendants' additional contention on the motion to dismiss (i. e., the Court lacks subject matter jurisdiction) is not clearly articulated, but appears to reassert the deficiencies in stating a claim noted above. That is, because no proper claim is stated under federal law in the unamended Complaint, Defendants say this Court does not have subject matter jurisdiction under either of the jurisdictional statutes set forth in the Complaint (28 U.S.C. §§ 1331, 1343). It is, of course, axiomatic that in the absence of a properly stated claim, there is no claim over which a court may exercise subject matter jurisdiction or, indeed, determine whether it might have subject matter jurisdiction.

## C. VENUE

The motion to dismiss of the Defendant Hall and the United States Government, in part, and the motion for transfer of the Defendant Sheriff of Marion County, are each based on the impropriety of venue in the Southern District of Ohio. Plaintiff is the only party who appears to reside in Dayton, and the matters set forth in the Complaint did not occur in Dayton. The only statute which *might* provide for venue in the judicial district where Plaintiff resides, under the circumstances set forth in the unamended Complaint, is 28 U.S.C. § 1391(e). However, Section 1391(d) is only applicable where "*each* defendant" is an officer, employee, or agency of the United States (compromised herein by the Defendant Sheriff of Marion County). Otherwise, the statute governing venue in a civil action where "jurisdiction is not founded solely on diversity of citizenship" is 28 U.S.C. § 1391(b). Said statute provides for venue "only in the judicial district where all defendants reside or in which the claim arose." Therefore, as to all Defendants, and particularly the Defendant Sheriff of Marion County (assuming that the Defendant Hall and United States Government are dismissed because no claim is stated against them), venue is not proper in Dayton.

Under 28 U.S.C. § 1406(a):

the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Selection between the options of dismissal and transfer, for improper venue, is a matter within the sound discretion of the district court. 1 *Moore's Federal Practice* ¶ 0.146[5]. However, transfer in and of itself is generally considered to be more in the "interest of justice" than dismissal and, therefore, doubts should be resolved in favor of preserving the action, particularly where it appears that venue may be proper-

ly laid in the proposed transferee district. *Id.; cf. Phillip Gall & Son v. Garcia Corp.,* 340 F.Supp. 1255 (E.D.Ky.1972). In the present case, it appears that venue would be proper under 28 U.S.C. § 1391(b) in the Southern District of Indiana, wherein the claim arose and in which, at least, the Defendant Sheriff of Marion County resides (again assuming that the Defendant Hall and United States Government are dismissed). ·

## D. CONCLUSION

For the foregoing reasons: (1) Plaintiff's motion for leave to amend the Complaint is held in abeyance pending submission of the proposed amendment; (2) the motion of the Defendants Hall and the United States Government, seeking an Order of Court dismissing Plaintiff's Complaint, is well taken and is sustained for reasons of improper venue and failure to state a claim for which relief can be granted; and (3) the motion of the Defendant Sheriff of Marion County seeking an Order of Court transferring Plaintiff's cause to the Southern District of Indiana, for reason of improper venue in the Southern District of Ohio, is well taken and sustained pursuant to 28 U.S.C. § 1406(a).

### 1) *Venue and Claims Under an Amended Complaint*

■ Assuming that Plaintiff's amended Complaint might adequately state a claim against the United States Government under 28 U.S.C. § 2671, *et seq.,* for state law tort, then venue would be proper in Dayton under 28 U.S.C. § 1402(b), *but only as to the Defendant United States.* Inasmuch as venue under Section 1402(b) would also be proper in the Southern District of Indiana, and because Plaintiff's claim against the United States is intimately related with the claim against the Defendant Sheriff of Marion County, the Court would *sua sponte* consider transfer of Plaintiff's claim against the United States, with transfer of the claim against the Defendant Sheriff under 28 U.S.C. § 1404 (transfer for convenience of parties). *Cf. Riordan v. W. J. Bremer, Inc.,* 466 F.Supp. 411, 417 (S.D.Ga.

1979); *Watwood v. Barber,* 70 F.R.D. 1, 9 n.2 (N.D.Ga.1976). Therefore, there appears to be no reason to delay transfer of this case pending the Court's receipt of the Plaintiff's proposed amended Complaint and the filing of the amended Complaint, itself, assuming leave to file is eventually granted. Contrary to Defendants' contention, the possibility of a claim against the United States under 28 U.S.C. § 2671, *et seq.,* for injury to a federal prisoner in the custody of a county jailer, is not precluded by *Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). *Logue* merely stands for the proposition that a county jailer is not a "federal agency," but only an independent contractor for whose delicts the federal government cannot be held responsible by a theory of respondeat superior. Otherwise, *Logue* specifically recognized the potential for liability on the part of the federal government with respect to the negligence of federal marshals in making arrangements with a county jailer for the safekeeping of federal prisoners. *Id.* at 532–33, 93 S.Ct. at 2221.

Finally, Plaintiff has suggested in the memorandum accompanying the motion for leave to amend *no* tenable theory for jurisdiction over a claim of liability against the Defendant Hall. The Federal Tort Claims Act, particularly 28 U.S.C. § 2674, and 28 U.S.C. § 1346, only provide for liability and jurisdiction against the federal government. If a tenable claim is to be asserted against Hall, then Plaintiff must either allege "intent or recklessness" (or delete allegation of "negligence," for purposes of recovery on a "constitutional tort"), or establish diversity of citizenship by affirmative pleading, Civil Rule 8(a)(1), (for recovery under state law tort).

Wherefore, based upon the aforesaid, this Court:

1. Holds in abeyance a ruling on the Plaintiff's motion for leave to file an amended Complaint, pending submission of the proposed amendment, which must be accomplished within twenty (20) days from date of receipt of notice of this Decision;

2. Sustains the motion of the Defendants Hall and the United States Government Bureau of Prisons, seeking an Order of the Court dismissing the Plaintiff's Complaint as to them for reason of improper venue and failure to state a claim upon which relief can be granted. This dismissal is without prejudice, the Plaintiff's being given the possible opportunity to file the amended Complaint as set forth above; and

3. Transfers this case, upon the motion of the Defendant Sheriff of Marion County, to the United States District Court for the Southern District of Indiana.

The Office of the Clerk of Courts for the Southern District of Ohio, Western Division, at Dayton, is ordered to take all necessary steps to carry out this Order of Transfer.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.