Bernard WILLIAMS

v.

Mary WILKERSON, etc., et al.

Civ. A. No. 81–0239–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 30, 1981.

Sa'ad El-Amin, Richmond, Va., for plaintiff.

Burnett Miller, III, Asst. Atty. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

Plaintiff's letter of 20 April 1981 shall be FILED and considered by the Court as a motion for clarification of the Order entered 10 April 1981.

On 9 April 1981 plaintiff filed a motion for leave to file an amended complaint. By order entered 10 April 1981, the Court denied plaintiff's motion, without prejudice, "for failure to tender a copy of the amended complaint with the order," citing C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1485 (1971). In particular, the Court was relying upon the following statement in Wright & Miller:

> a copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes being proposed.

Id. at 422 (footnote omitted).

In his motion for clarification plaintiff contends that his motion for leave to amend comported with the suggested form in Bender's Federal Practice Forms, Form 2233, and that this format has been used by plaintiff's counsel in other courts in the Eastern District of Virginia on previous occasions without objections from opposing parties or the Court.

At the time of the Court's ruling, the Court did not take issue with the form of plaintiff's motion for leave to amend. Rather, the Court took issue with the fact that plaintiff had not submitted a copy of the proposed amended complaint along with his motion. Upon review of the relevant section of Wright & Miller, and the cases cited therein, the Court recognizes that there is no clear and unequivocal authority

for the rule that plaintiff must submit a copy of the proposed amended complaint with his motion for leave to amend. A brief review of the cases would be in order.

In *Schwab v. Nathan*, 8 F.R.D. 227 (S.D. N.Y.1948), the plaintiff did not attach the "proposed amendment" to his motion for leave to amend. Id. Deciding that "common sense dictates the necessity of having before the Court the proposed amendment . . . ," the Court held the motion in abeyance pending the filing of the proposed amendment to the complaint. Id. at 228. Accord *Smith v. Insurance Co. of North America*, 30 F.R.D. 540, 543 (D.C.Tenn. 1962). In *Lilly v. United States Line Co.*, 42 F.Supp. 215 (S.D.N.Y.1941), the Court denied plaintiff's motion for leave to amend where the plaintiff had not filed an appropriate motion nor had he filed the "proposed amended complaint." Id. The Ninth Circuit held in *Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd.*, 185 F.2d 196, 209 (9th Cir. 1950), cert. denied, 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951), that the district court did not abuse its discretion in denying plaintiffs' motion to amend the complaint where they had not submitted "a copy of a proposed third amendment" and had not suggested to the court the nature or text of the proposed amendment. Similarly, the Fourth Circuit held in *Grombach v. Oerlikon Tool and Arms Corp.*, 276 F.2d 155, 165 (4th Cir. 1960), that the trial court did not abuse its discretion in denying plaintiff's motion for leave to amend where "[n]o actual amendment was tendered. . . ." The only authority contra to the above cases is found in *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551 (N.D.Ill.1964). There the Court held that it was not necessary for the plaintiff to submit its proposed amended complaint with its motion for leave to amend where "[t]he motion sets forth in sufficient particularity the gist of the allegations and counts to be added." Id. at 554. The Court ruled that the plaintiff did not have to file its amended complaint until leave to amend was granted.

Again, a review of these cases reveals that there is no clear authority for the rule that parties must attach a copy of the proposed amended pleading to their motion for leave to amend. Nevertheless, because the Court does not believe that such a rule would be inappropriate and because the above authorities, with the exception of *Stanley Works*, tend to support such a rule, the Court adopts this rule as the proper procedure to follow in seeking leave to amend a complaint under Fed.R.Civ.P. 15(a).

In reaching this decision, the Court is in complete agreement with the sentiments and legal reasoning of Judge Hulbert in *Schwab v. Nathan*, supra, where he said:

> In my 46 years of practice, I cannot recall any instance in which I had been on one side or the other when an application was made to amend the complaint or an answer, that the proposed amendment was not served as a part of the moving papers. However, there is no controlling provision in the Federal Rules of Civil Procedure. . . .

> However, it was said by Scott, J. in *Plitt v. Illinois Surety Co.*, 165 App.Div. 973, 150 N.Y.S. 756, (1st Dept. 1914): "It is a well established rule, which in our opinion should not be departed from, that no motion for leave to serve an amended or supplemental pleading should be granted, unless the motion papers include a copy of the pleading which it is desired to serve. . . ."

> . . . .

> Nevertheless, common sense dictates the necessity of having before the Court the proposed amendment.

Id. at 227-28.

In my 17 years of practice and my seven years on the bench, it has been my experience that the nearly universal practice of the Virginia Bar is to attach a copy of the proposed amended pleading to the motion for leave to amend. This fact alone probably would justify the Court in requiring all lawyers practicing before this Court to comply with this general practice.

But there is also a practical reason for the rule. If a copy of the proposed amended complaint is not submitted with the mo-

tion for leave to amend, the Court and opposing counsel are required to thumb through the file to search out the relevant portions of the original complaint, so that a comparison can be made between the complaint before the amendment and the complaint with the amendment. When a copy of the proposed amended complaint is attached to the motion, this process is obviously simplified. Such a practice is not only beneficial to the Court, but it is also beneficial to the interested party. It enhances the prompt and appropriate disposition of the motion. Furthermore, requiring such a practice would not overburden plaintiff's counsel.

■ For these reasons, the Court adopts as a general rule of practice before this Court that when plaintiff seeks leave to amend his complaint under Rule 15(a), or any other pleading, a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion. Otherwise the motion will be denied, without prejudice.

■ There is, however, an additional problem with the motion for leave to amend in this case. After plaintiff's original motion was denied, plaintiff submitted a copy of the proposed amended complaint. Plaintiff did not, however, renew his motion for leave to amend, nor did he file a supporting brief in accordance with Local Rule 11(A) and (F). Under such circumstances, the motion would be denied pending plaintiff's compliance with the Local Rules. The irony of this case is that plaintiff is not required to seek leave to amend because he has a right under Rule 15(a) to "amend his pleading once as a matter of course at any time before a responsive pleading is served...." Defendant has filed a motion to dismiss as well as a motion for summary judgment. But for purposes of Rule 15(a) these motions are not considered "responsive pleadings." *McDonald v. Hall*, 579 F.2d 120, 121 (1st Cir. 1978). See *Smith v. Blackridge*, 451 F.2d 1201, 1203 n. 2 (4th Cir. 1971). See generally, 3 J. Moore Federal Practice ¶ 15.07[2] (2d Edition 1980); C. Wright & A. Miller, Federal Practice and Procedure

§ 1483 (1971). Therefore, it is not necessary that plaintiff file a motion, or memorandum. He need only tender for filing his amended complaint. This he has done. Accordingly, the Clerk is DIRECTED to FILE plaintiff's amended complaint. No pending motions in response to the complaint will be ruled on. Defendants may file their responses to the amended complaint within 10 days of the entry hereof.

And it is so ORDERED.