**Hammer DeROBURT, Plaintiff-Appellant,**

v.

**GANNETT CO., INC., Guam Publications, Inc., d/b/a Pacific Daily News, Defendants-Appellees.**

**Nos. 83–1518, 83–1847.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1983.

Decided May 22, 1984.

---

**702**

See also 558 F.Supp. 1223.

John J. Walsh, Cadwalader, Wickersham & Taft, New York City, for plaintiff-appellant.

David Dezzani, Goodsill, Anderson, & Quinn, Honolulu, Hawaii, for defendants-appellees.

Before CHAMBERS, SNEED and ANDERSON, Circuit Judges.

CHAMBERS, Circuit Judge:

Appellant, Hammer DeRoburt, appeals the dismissal of his libel suit wherein Gannett Co., Inc. and Guam Publications, Inc., d/b/a Pacific Daily News allegedly published a libelous article accusing appellant of making an illegal loan to the Marshall Islands Political States Commission (MIPSC).

Appellant is the president of Nauru, an island republic in the Pacific. DeRoburt was first elected president in May, 1968, but was replaced in January, 1977. He remained a member of Parliament as leader of the opposition until reelected president on May 11, 1978.

The article complained of alleged that DeRoburt made secret and illegal loans to the MIPSC. In his complaint, DeRoburt initially averred that he did not make the loan and that in any event the loan was neither secret nor illegal. The lower court dismissed the complaint applying the act of state doctrine on defendants' motion.[1]

The act of state doctrine, although similar to the sovereign immunity doctrine, is distinguishable in several significant aspects. Where sovereign immunity addresses the jurisdiction of the court, the act of state doctrine "is a prudential doctrine designed to avoid judicial action in sensitive areas." *Inter. Ass'n of Machinists, Etc. v. OPEC*, 649 F.2d 1354, 1359 (9th Cir.1981). Further, in *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964), the Court recognized

---

**1.** The Court notes that this case is unusual as generally this doctrine is raised by the sovereign or the court on its own motion. In the instant case, however, the plaintiff is arguing against its application. And in his individual capacity?

that the doctrine was not compelled by the nature of sovereignty, by international law, or by the text of the Constitution. 376 U.S. at 421–23, 84 S.Ct. at 936–37.

> Rather, it derives from the judiciary's concern for its possible interference with the conduct of foreign affairs by the political branches of the government:
>> The doctrine as formulated in past decisions expresses the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of the foreign acts of state may hinder rather than further this country's pursuit of goals both for itself and for the community of nations as a whole in the international sphere.

*Timberlane Lbr. Co. v. Bank of America, N.T. & S.A.,* 549 F.2d 597, 605 (9th Cir. 1976) (quoting *Sabbatino, supra,* 376 U.S. at 423, 84 S.Ct. at 937).

The act of state doctrine, however, is not an "inflexible and all encompassing rule." *Sabbatino, supra,* 376 U.S. at 428, 84 S.Ct. at 940. Rather, it is a balancing test with the critical element being the potential for interference with our foreign relations. *See Timberlane, supra,* 549 F.2d at 607. As such, the courts should seek to avoid passing on the validity of foreign acts and similarly abstain from "challeng[ing] ... the wisdom of its policy, or the integrity and motivation of its action." *Id.* at 607.

After considering plaintiff's original complaint and the three subsequently filed amendments, it is clear the acts of state doctrine would bar litigation. In the third amended complaint, plaintiff alleges defendant falsely accused the Republic of Nauru of secretly backing the separation of the Marshall Islands from Micronesia, of making an illegal loan to the Marshall Islands in 1974, and falsely accused himself of making secret and illegal loans to the Marshall Islands in 1974 and 1978. As the trial judge correctly noted, litigation of those claims would involve serious intrusion into the propriety of the acts and policies of a foreign state and thus clearly call into play the acts of state doctrine.

The dismissal of the third amended complaint was necessary and correct.

Thereafter, plaintiff moved for reconsideration and sought leave to file a fourth amended complaint which he believed would obviate the need for the courts to inquire into and decide matters that would trigger the act of state doctrine. The proposed fourth amended complaint was attached to the motion for reconsideration. The dismissal of the action necessarily involved a ruling thereon adverse to DeRoburt.

In this latest complaint, plaintiff abandoned allegations that contested defendant's characterization of the loans or the motives of Nauru and alleged only that he did not make the loan which was the subject of the article. Simply put, plaintiff wished to amend his complaint so that the thrust of the inquiry rested on who made the loan instead of how and why the loan was made. As a result, plaintiff argues resolution of the litigation would not require the courts to pass on the validity of the foreign acts or "challenge ... the wisdom of [Nauru's] policy or the integrity and motivation of [Nauru's] action." *Timberlane, supra,* 549 F.2d at 607.

The district court denied the motion for reconsideration and leave to amend believing that regardless of the way plaintiff framed his complaint, matters deemed nonjusticiable by application of the act of state doctrine would nevertheless enter into the lawsuit. In so ruling, the court relied on a line of cases that prohibited inquiry into the motivation as well as the validity of acts of foreign states. *See American Banana Co. v. United Fruit Co.,* 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826 (1909); *Hunt v. Mobil Oil Corp.,* 550 F.2d 68 (2nd Cir.1977); *Occidental Petroleum Corp. v. Buttes Gas & Oil Co.,* 331 F.Supp. 92, 110 (C.D.Cal.1971), *aff'd,* 461 F.2d 1261 (9th Cir.1972), *cert. denied* 409 U.S. 950, 93 S.Ct. 272, 34 L.Ed.2d 221 (1972). Because the court felt that plaintiff's motivation in making the loan, if it was in fact made, would still be an issue in the case, the court

felt the act of state doctrine continued to preclude judicial action.

As previously stated, the act of state doctrine is a flexible principle whose application turns upon the "balance of relevant considerations." *Sabbatino, supra,* 376 U.S. at 428, 84 S.Ct. at 940. "The touchstone of Sabbatino—the potential for interference with our foreign relations—is the crucial element in determining whether deference should be accorded in any given case." *Timberlane, supra,* 549 F.2d at 607.

■ After a review of the fourth amended complaint, this court believes the balance tips in favor of the plaintiff and against the application of the act of state doctrine. As pleaded, this case has become one more akin to a misidentification situation. Although resolution of the instant controversy might to some degree encroach on areas best left untouched by the judiciary, this court believes any such intrusion would be minimal and plaintiff should not be barred by the application of the act of state doctrine.

The fourth amended complaint endeavors to separate plaintiff's personal life from his official life. Most rulers of state think they have no private life and it is true they have only snatches. But, if a ruler of state is out for exercise on his horse, and if somebody shot his horse deliberately, wouldn't the ruler have a right of action for the value of the horse?

We do not hold that plaintiff is home safe. A trial or pretrial of this case may get so deeply involved in affairs of state that the trial judge on his own motion might be able to terminate the proceeding. But if Nauru's chief of state wants to prove his case with state documents, or evidence of state transactions, maybe the court should then take a look at the documents or other evidence. And wouldn't defendant's right of discovery be impaired if it could not get full discovery? Has there ever been a ruler who wanted to give an enemy a full clearance to rummage through his papers in his lifetime?

The decision of the district court is therefore REVERSED for now as to the application of the act of state doctrine and the case is REMANDED so that the district court can consider defendants' other arguments in opposition to plaintiff's motion for reconsideration and leave to file a fourth amended complaint. Further, the award of costs is thereby VACATED.