OPINION
SMITH, Chief Judge.
On April 21, 1989, the court dismissed the complaints in these three claims for breach of fiduciary duty without prejudice, on the ground that the claims were not ripe for adjudication. Plaintiff now seeks leave of the court to file three amended complaints. For the reasons given below, the court will reserve ruling on plaintiff’s motions for leave to file the amended complaints, pending the outcome of related litigation.
FACTS
The Hopi Tribe filed three complaints on June 21, 1984, alleging that the United States had breached its fiduciary duty to plaintiff. No. 319-84L involved the alleged failure of defendant to assess and to collect penalties for the trespass of livestock on Hopi land. No. 320-84L sought damages for forage allegedly consumed by the trespassing livestock. No. 321-84L sought compensation for damage to Hopi land, allegedly inflicted by the trespassing livestock.
The United States moved to dismiss the complaints on two grounds: (i) 28 U.S.C. § 1500 required dismissal since the United States was defending the same cause of action in a district court in Arizona; and (ii) the claims were time-barred. Without ruling on the two issues raised by the United States, Judge Napier dismissed the three complaints, stating:
In its pleadings plaintiff makes no mention of a demand upon defendant for the trespass penalties and damages that defendant allegedly was to have collected for and credited to the Hopi Indians. The Court cannot assume the existence of facts necessary to invoke its jurisdic-tion____
* $ # $ $ $
Until plaintiff demands relief from defendant, specifically the Bureau of Indian Affairs, and is denied, there is no repudiation of the trust____ Plaintiff correctly notes that the statute of limitations is not applicable at this time. That is so *784 because the cause[s] of action ha[ve] not yet accrued. Thus, until plaintiff demands and is refused the relief sought in this Court from defendant, the Court is not empowered to hear the case[s]____ [P]laintiff’s claim[s are] not ripe for judicial review. Therefore, the Court, sua sponte and pursuant to Rule 12(h)(3) RUSCC directs the Clerk to dismiss, without prejudice, plaintiff’s complaints in No. 319-84L, 320-84L and 321-84L for lack of subject-matter jurisdiction.
Hopi Tribe v. United States, Nos. 319-84L, 320-84L & 321-84L, slip op. at 6-8 (Cl.Ct. April 21, 1989) (citation omitted). Judge Napier denied the government’s motion for reconsideration.
The government appealed the dismissal. Meanwhile, on August 28, 1989, plaintiff made a formal demand for payment on the Bureau of Indian Affairs (BIA). In early November, 1989, the BIA denied plaintiff’s request. Plaintiff then filed another complaint in this court, No. 651-89L, alleging substantially the same operative facts as it did in the 1984 complaints, and in addition, alleging the 1989 demand on the BIA and the BIA’s denial of relief.
On February 27, 1990, the Court of Appeals for the Federal Circuit dismissed the government’s appeal of Judge Napier’s dismissal. Hopi Tribe v. United States, 899 F.2d 1227. (Fed.Cir.1990). The Federal Circuit stated that “[ajppellant lacks standing because it seeks an advisory opinion on ‘holdings’ that it says ‘are potentially adverse to the interests of the United States in future litigation with the Hopi.’ ” (Citation omitted.) The court also noted that the Claims Court had dismissed the complaints without prejudice.
On March 22, 1990, plaintiff filed by the court’s leave the present motions for leave to amend the 1984 complaints.[1] The Clerk allowed the motions to be filed under the original docket numbers. Plaintiff has represented to the court that it will voluntarily dismiss its complaint in No. 651-89L, should the court allow it to amend the 1984 complaints.
DISCUSSION
The issue before the court is whether plaintiff may amend its complaints as a matter of right, and if "not, whether the court should grant plaintiff leave to amend its complaints. Plaintiff contends that because the government has yet to file an answer to the 1984 complaints, it is entitled to amend its complaints as a matter of right under RUSCC 15(a). Alternatively, plaintiff requests leave of the court to amend the complaints.
RUSCC 15(a) provides:
A party may amend his pleadings once as a matter of course at any time before a response is served or, if the response is one to which no further response is permitted and the action has not been scheduled for trial, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires____
Fed.R.Civ.P. 15(a), upon which RUSCC 15(a) is based, provides that “[a] party may amend the party’s pleading once as a matter of course at any time before a responsive pleading is served____”[2] Some circuits have expressly held that a motion to dismiss is not a responsive pleading within the meaning of the rule, and thus, the filing of a motion to dismiss does not cut off a plaintiff’s right to amend its complaint. See, e.g., Reuber v. United States, 242 U.S.App.D.C. 370, 750 F.2d 1039, 1062 n. 35 (1984); Allen v. Veterans Administration, 749 F.2d 1386, 1388 (9th Cir.1984); Barksdale v. King, 699 F.2d 744 (5th Cir.1983); LaBatt v. Twomey, 513 F.2d 641, 651 (7th Cir.1975). The Court of Appeals for the Federal Circuit has not addressed the issue.
*785 In any event, once a motion to dismiss has been granted, the right to amend the complaint terminates, and the plaintiff must seek leave of the court to amend. Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir.1985); Czeremcha v. Intern. Ass’n of Machinists & Aerospace Workers, 724 F.2d 1552, 1556 (11th Cir.1984); Elfenbein v. Gulf & Western Industries, 590 F.2d 445, 448 n. 2 (2d Cir.1978). Leave to amend should be liberally granted unless there was an incurable defect in the original complaint, DeRoburt v. Gannett Co., 551 F.Supp. 973, 977 (D.Hawaii 1982), rev’d on other gds., 733 F.2d 701 (9th Cir. 1984), cert. denied, 469 U.S. 1159, 105 S.Ct. 909, 83 L.Ed.2d 923 (1985); Nation v. United States, 512 F.Supp. 121, 125 (S.D.Ohio 1981), or unless it is clear that dismissal of the complaint was intended as a dismissal of the entire claim, Dorn, 767 F.2d at 443; Czeremcha, 724 F.2d at 1556 n. 6.
As Judge Napier explained, the claims for breach of fiduciary duty had yet to accrue when plaintiff filed the complaints in 1984, due to plaintiffs failure to make a demand on the BIA prior to filing suit. Had plaintiff made such a demand prior to filing the original complaints, and merely failed to allege that fact in its pleadings, then allowing amendment of the complaints would be appropriate. However, that is not the case here. The dismissal was not due to a mere defect in pleading, rather, it was because the claims were not ripe.
Plaintiff argues that its failure to satisfy a condition precedent to bringing suit — making a demand on the BIA and having the demand refused — does not render the defect in the original complaints incurable. The court disagrees. There is a significant difference between having satisfied a condition precedent to bringing suit and failing to allege that fact, and failing to satisfy the condition precedent. Accepting plaintiffs view would mean that courts should dismiss complaints, but not claims, where the claims are not ripe, merely because at some indefinite time the claims might become ripe, at which time plaintiff could then allege the facts necessary to show ripeness. In other words, plaintiff would have courts retain jurisdiction over claims that have yet to accrue, because the claims might accrue later. The cases discussed above make it clear that Fed.R. Civ.P. 15 was not aimed at such a result. It appears that Judge Napier was cognizant of the distinction between a mere defect in pleading and a failure to satisfy a condition precedent to bringing suit, and his order makes it clear that he did not intend to retain jurisdiction over claims that he believed had yet to accrue.
Plaintiff disagrees, and states that Judge Napier’s use of the word “complaint,” rather than “claim” or “action,” in his order of dismissal, indicates that he only intended to dismiss the complaints. Plaintiff emphasizes that the Federal Circuit also used the word “complaint” in its order dismissing the government’s appeal: “the [Claims Court] merely dismissed the complaint without prejudice.” The court, however, believes that the Federal Circuit was not distinguishing between dismissal of a complaint and dismissal of a claim, but rather, was distinguishing between dismissal with prejudice and dismissal without prejudice. The government had no reason to appeal the dismissal because a dismissal without prejudice carries no preclusive effect under res judicata or collateral estoppel principles. Even if the government disagreed with Judge Napier’s ruling on ripeness, it was not prejudiced by that ruling in these cases or in any other case.
The impropriety of allowing plaintiff to amend the 1984 complaints at this stage is further highlighted when considered in light of RUSCC 15(c). Under that rule, when “the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.” The court sees no reason why plaintiff should reap the benefit of the relation-back provision, when the date to which the complaints sought to be amended would relate back — 1984—is five *786 years before the claims even accrued.[3]
One aspect of these motions troubles the court. Counsel for plaintiff and counsel for defendant both expressed the conviction at oral argument that Judge Napier’s ruling on the ripeness issue was erroneous. The court will not reexamine that ruling today, as the ripeness issue has not been briefed or argued. However, if the claims were ripe when they were originally filed in 1984, then plaintiff should have the benefit of the 1984 filing date. Assuming but not deciding that the claims were ripe in 1984, it is not clear whether giving plaintiff the benefit of the 1984 filing date should be accomplished by allowing amendment of the 1984 complaints, or by having plaintiff proceed on the 1989 complaint and tolling the statute of limitations from 1984 to 1989. In any event, plaintiff should not be prejudiced by the dismissal of the 1984 complaints if that dismissal was erroneous since, as the Federal Circuit noted, the dismissal was unappealable and therefore, not correctable. Defendant states that it will argue that the claims were time-barred even under a 1984 filing date. If defendant is correct, then it is immaterial whether plaintiff proceeds on the 1989 complaint or on the 1984 complaints.
CONCLUSION
For the foregoing reasons, the court will reserve ruling on the contingent motion for leave to amend complaint Nos. 319-84L, 320-84L and 321-84L. These three cases are suspended pending the court’s ruling on the statute of limitations issue in No. 651-89L. Suspension will better conserve the resources of both the court and the parties, since plaintiff’s counsel states that plaintiff would appeal a denial of its motions for leave to amend the 1984 complaints. The court sees no reason why the parties should litigate an appeal in the 1984 cases at the same time that the 1989 case is litigated here.

. Judge Napier left the bench in August of 1989. These motions were assigned to the Chief Judge for disposition.

. There is no indication that the drafters of the Claims Court rules meant anything other than “responsive pleading” when they chose the term "response” in their version of rule 15(a).

. The government devotes a considerable portion of its brief to the argument that plaintiff fails to set forth appropriate circumstances for the extraordinary remedy provided by RUSCC 60, which empowers the court to grant a party relief from a judgment. The court need not address this issue, since plaintiff has not made any motion under RUSCC 60.