**ADVENT ELECTRONICS, INC., a Delaware corporation, Plaintiff,**

v.

**SAMSUNG SEMICONDUCTOR, INC., a California corporation, Defendant.**

No. 89 C 0092.

United States District Court, N.D. Illinois, E.D.

March 30, 1989.

---

## MEMORANDUM OPINION
## AND ORDER

ASPEN, District Judge:

Plaintiff Advent Electronics, Inc. ("Advent") brings this three-count diversity action charging defendant Samsung Semiconductor, Inc. ("Samsung") with violation of the Illinois Trade Secrets Act, Ill.Rev.Stat. ch. 140, § 351 *et seq.*, and breach of Samsung's fiduciary duties. Samsung has filed a motion to transfer which, for the reasons set forth below, we grant the motion.

### I.

Advent, a Delaware corporation with offices throughout the Midwest, and Samsung, a California corporation with its principal place of business in California and a regional office in Illinois, entered into a written Distributor Agreement, effective September 23, 1985, by which Advent became a franchise distributor of Samsung products in various midwestern states. Among other duties, Advent was required to submit to Samsung monthly sales analysis reports, termed Point of Sale Reports, identifying customer names and addresses, products sold and prices obtained. The

Agreement contained a choice of law and forum selection clause providing that

> The laws of the state of California shall apply and bind the parties in any and all questions arising hereunder, regardless of the jurisdiction in which the question arose or occurred. Any litigation under this Agreement shall be instituted in the court of competent jurisdiction of the state of California sitting in San Jose, California, or the U.S. District sitting in San Francisco, California and the parties hereby submit to the jurisdiction of such courts.

Both parties enjoyed the right to terminate the Agreement with or without cause on thirty days written notice. The parties do not dispute that Samsung effectively terminated the Agreement on February 11, 1988.

In its complaint, Advent alleges that Samsung revealed to Advent's competitors the Point of Sale Reports or the information contained therein and that such disclosure constitutes a violation of the Illinois Trade Secrets Act (Counts I and II) and breach of Samsung's fiduciary duties arising from the relationship created by the Distributor Agreement (Count III). Samsung now seeks to enforce the forum selection clause in the Agreement and transfer this action to the United States District Court for the Northern District of California.

### Discussion

In a recent decision in which the Supreme Court held that federal law governs the determination of whether effect should be given to a forum selection clause in a contract, the Court discussed the appropriate framework for that determination in the context of a motion to transfer under 28 U.S.C. § 1404(a):[1]

Section 1404(a) directs a District Court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The District Court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, comes under the heading of "the interest of justice." . . . . The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration [as state law might have it], but rather the consideration for which Congress provided in § 1404(a).

*Stewart Organization, Inc. v. Ricoh Corp.*, —— U.S. ——, 108 S.Ct. 2239, 2244–45, 101 L.Ed.2d 22 (1988). The standards set forth in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972),[2] that have traditionally governed the analysis remain instructive in light of this decision but must be considered in conjunction with the factors set forth in § 1404(a). *Stewart Organization*, 108 S.Ct. at 2239. *See generally Instrumentation Associates v. Madsen Eelctronics, Ltd.*, 859 F.2d 4, 6 n. 4 (3d Cir.1988).

■ Thus, we continue to view a forum selection clause as heavily weighing in favor of transfer, but will also look to the following factors in making our decision: the relative convenience of the transferor and transferee courts with specific reference to the location of witnesses and evidence and the residence of the parties,[3] the parties' bargaining power as it relates to the contract containing the clause, the law governing the formation and interpretation

---

1. The statute provides

   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought.

2. The court stated in *The Bremen* that district courts should give effect to a forum selection clause absent a showing that enforcing the clause "would be unreasonable and unjust, or that the clause was invalid for such reasons as

fraud or overreaching." 407 U.S. at 14, 92 S.Ct. at 1916.

3. Residence of the parties is also central to the threshold determination under § 1404(a) that venue is appropriate in the transferor and transferee courts. *General Acc. Ins. Co. v. Travelers Corp.*, 666 F.Supp. 1203, 1206 (N.D.Ill.1987). Since Advent resides in Illinois and Samsung resides in California and does business in Illinois, venue is appropriate in either state. 28 U.S.C. § 1391(a), (c).

of the contract, the place of occurrence of the activities underlying the cause of action, the relative congestion of the transferee and transferor courts' dockets and the existence of any federal policy militating against enforcement of the clause. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir.1986); *Friedman v. World Transp., Inc.*, 636 F.Supp. 685 (N.D.Ill. 1986); *Clinton v. Janger*, 583 F.Supp. 284, 289 (N.D.Ill.1984).

■ Advent initially contests the applicability of the forum selection clause to this action. That Advent did not plead a breach of contract claim does not preclude application of the clause. By its terms, the clause applies to "[a]ny litigation under [the] Agreement." Courts have uniformly held that regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action: "[W]here the relationship between the parties is contractual, the pleading of alernative non-contractual theories of liability should not prevent enforcement of such a bargain [as to the appropriate forum for litigation]." *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 203 (3d Cir.), *cert. denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983) (holding that a forum selection clause applies to tort actions when the tort duty arises from the contract). *See also Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir.1988) (finding tort claims subject to a forum selection clause since "resolution of the claims relates to interpretation of the contract"); *Rini Wine Co. v. Guild Wineries & Distilleries*, 604 F.Supp. 1055 (N.D.Ohio 1985) (applying the clause to antitrust and unfair trade practice claims since the dispute arises from the termination of the contract). All of Advent's claims arise from the Distribution Agreement. The fiduciary duty which Advent seeks to enforce in Count III arises from its relationship with Samsung. The Distribution Agreement defines the nature of that relationship and Samsung's attendant responsibilities, and resolution of the claim hinges on an interpretation of the Agreement. Further, Samsung obtained the information that it allegedly unlawfully disclosed as a result of Advent's duties under the Distribution Agreement. Determining whether Samsung had a right to handle that information as it did requires an assessment of its rights and duties under the Agreement.

■ Advent also contends in opposition to transfer that the forum selection clause became unenforceable once Samsung terminated the Distribution Agreement. We reject this contention. In the absence of contractual language expressly or implicitly indicating the contrary, a forum selection clause survives termination of the contract. Termination of a contract does not divest parties of rights and duties already accrued. 17A C.J.S. Contracts § 404 (1963). The intent of the parties as to the continued applicability of a forum selection clause controls. Thus, for example, in *Potoker v. Brooklyn Eagle, Inc.*, 2 N.Y.2d 553, 141 N.E.2d 841, 161 N.Y.S.2d 609, *cert. denied*, 355 U.S. 883, 78 S.Ct. 151, 2 L.Ed.2d 113 (1957), the Court of Appeals of New York affirmed a lower court's motion to compel arbitration pursuant to a contractual provision mandating such even though the plaintiff sought to enforce rights that accrued after termination since the broad language of the arbitration clause evidenced an intent that it apply. *Id.*, 141 N.E.2d at 844, 161 N.Y.S.2d at 613. As in *Potoker*, the parties here used broad language in the forum selection clause indicating an intent that all disputes arising from the Distribution Agreement would be resolved in the chosen forum, regardless of the timing of the breach. Moreover, the rights which Advent seeks to enforce accrued during the life of the Agreement. Whether Samsung infringed those rights, and Advent's cause of action accordingly accrued, before or after termination is irrelevant to application of the forum selection clause.[4]

---

**4.** In contending that the forum selection clause cannot be enforced after termination of the Distribution Agreement, Advent relies primarily on the decision in *Lockwood Corp. v. Black*, 501 F.Supp. 261 (N.D.Tex.1980), *aff'd*, 669 F.2d 324 (5th Cir.1982). *Lockwood Corp.* does not sup-

Given the enforceability of the forum selection clause in this action, we must next determine whether any circumstances militate against its application here. On balance, the factors appropriately considered in a motion to transfer weigh in favor of enforcing the clause and transferring this action to the Northern District of California. Advent and Samsung are companies of significant size and experience, and there is nothing to indicate that Samsung's bargaining power with respect to the forum selection clause was so overwhelming as to warrant nonapplication of the clause. California law governs the interpretation of the Distribution Agreement, as per the choice of law clause. To the extent that the Illinois Trade Secrets Act governs Samsung's activities, we are confident the California District Court is capable of applying and interpreting that Act given that California has experience with a similar statute. Finally, after thoroughly reviewing the parties' representations as to the witnesses and documents that they will present, we are convinced that one or the other party will be equally inconvenienced wherever this litigation proceeds. Advent agreed to litigate claims under the Distribution Agreement in California. In the absence of significantly greater inconvenience to Advent in pursuing the claims in California, we will hold Advent to its part of the bargain. *Friedman*, 636 F.Supp. at 690.

### Conclusion

The balance of factors weighs in favor of transferring this action to the Northern District of California pursuant to the forum selection clause. Accordingly, Samsung's motion to transfer is granted. It is so ordered.

---

port Advent's position for the court there was faced with determining the choice of law to apply to duties arising after and independently of a terminated contract. It is undisputed that

the duties Advent seeks to enforce here arose from and during the existence of the Distribution Agreement.