**ALLIED SOUND, INC.**

v.

**DUKANE CORPORATION.**

No. 3–96–0310.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 13, 1996.

---

Owen Wade .Nelson, Gerald B. Kirksey, Mark K. Lewis, Kirksey & Cron, Brentwood, TN, for plaintiff.

Paul C. Ney, Jr., Doramus & Trauger, Nashville, TN, for defendant.

## MEMORANDUM

HIGGINS, District Judge.

The Court has before it the defendant's motion (filed April 9, 1996; Docket Entry No. 3) to dismiss for improper venue; its memorandum (filed April 9, 1996; Docket Entry No. 4) in support; and the plaintiff's memorandum (filed April 25, 1996; Docket Entry No. 6) in opposition.

For the reasons discussed below, the Court shall deny the defendant's motion to dismiss for improper venue.

### I.

Plaintiff Allied Sound, Inc., a Tennessee corporation with its principal place of business in Nashville, became an authorized distributor of defendant Dukane Corporation's products in 1961. Dukane, a Delaware corporation with its principal place of business in St. Charles, Illinois, manufactures and sells communications systems. Allied and Dukane entered into their most recent distributor agreement in 1990 and renewed it each year until 1995. In early 1995, Allied had some preliminary dealings with some electrical contractors who were bidding on a renovation for St. Thomas Hospital. Allied calculated its own bids based on the use of Dukane's products.

Subsequently, Dukane delivered a letter to Allied, stating that Dukane was terminating the distributorship agreement. Approximately two weeks later, Travis Electric, an electrical contractor which had just recently indicated that it intended to use Allied for the St. Thomas renovation, informed Allied that it had chosen to use another distributor instead. Travis indicated that its decision not to use Allied was based on Dukane's termination of the relationship between the two companies.

The plaintiff originally filed its action against Dukane for tortious interference of contractual relations in the Chancery Court of Davidson County, Tennessee. The defendant removed the action to this Court on April 2, 1996 (Docket Entry No. 1). Subsequently, the defendant moved to dismiss for improper venue, alleging that proper venue is in the Northern District of Illinois pursuant to a choice of forum clause in the distributorship agreement.[1]

### II.

Determination of the defendant's motion to dismiss depends upon the application of 28 U.S.C. § 1406, which provides in pertinent part:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a) (1993).

The Supreme Court of the United States has stated that this statutory provision "was designed to avoid the 'time consuming and justice defeating technicalities' to which dismissal for improper venue necessarily give rise." *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39, 42 (1962). Under the plain language of section 1406, a case filed in an improper venue is subject to mandatory dismissal, unless it is transferred. *Hapaniewski v. City of Chicago Heights,* 883 F.2d 576, 578 (7th Cir.1989), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1023 (1990). The district court has the power to transfer any civil action if it is deemed to be in the interests of justice. *Goldlawr,* 369 U.S. at 467, 82 S.Ct. at 916, 8 L.Ed.2d at 42.

Where an enforceable choice of forum clause exists, adherence to the forum designated in that clause is favored. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513, 520

---

1. The Governing Law and Choice of Forum clause provides as follows:

This Agreement shall be governed by the laws of the State of Illinois. Any legal proceeding by either party against the other shall be filed only in the United States District Court for the Northern District of Illinois, Eastern Division, or the Circuit Court of Cook County, Illinois, and for this purpose the parties expressly acknowledge and submit to the jurisdiction of such courts.

Plaintiff's exhibit 1, attached to plaintiff's memorandum in opposition (Docket Entry No. 6) at 11–12.

(1972). It is well established that a choice of forum clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* The Supreme Court held in *Bremen* that the chosen forum was unreasonable if it was "seriously inconvenient for the trial of that action ..." *Id.* at 17, 92 S.Ct. at 1916, 32 L.Ed.2d at 524.

### III.

The plaintiff argues that the choice of forum clause does not apply to the present action since the agreement between the parties was terminated before the defendant's allegedly tortious activity took place.[2] In other words, the plaintiff would read the choice of forum clause as an executory obligation that had not yet vested by the time of termination of the agreement, and thus, it did not survive the termination. Plaintiff's memorandum in opposition (Docket Entry No. 6) at 5. As additional support for its position, Allied further argues that it is clear the choice of forum clause did not survive because the agreement did not provide for its survival upon termination of the agreement. *Id.*

■ Contrary to the statements of the plaintiff, a choice of forum clause does not necessarily expire upon termination of the agreement from which it derives. *Advent Elec., Inc. v. Samsung Semiconductor*, 709 F.Supp. 843 (N.D.Ill.1989). The district court in *Advent Elec.* found that the choice of forum clause survived the termination of the agreement based on the broad language of the clause. *Id.* at 846. That court noted that the termination of a contract does not void a choice of forum clause unless the language of the contract expressly or implicitly indicates such a result. *Id. See Nolde Bros., Inc. v. Bakery & Confectionery Workers Union, Local No. 358*, 430 U.S. 243, 252, 97 S.Ct. 1067, 1072, 51 L.Ed.2d 300, 308–09 (1977) (holding that an obligation to act pursuant to an arbitration clause does not auto-

matically end upon the termination of the agreement); *see also General Drivers v. Malone & Hyde, Inc.*, 23 F.3d 1039, 1045 (6th Cir.) (citing *Nolde Bros.*, and holding that an arbitration agreement survives the termination of the collective bargaining agreement), *cert. denied*, —— U.S. ——, 115 S.Ct. 665, 130 L.Ed.2d 599 (1994). The Court fails to find any indication, express or implicit, that the parties intended the choice of forum clause to become invalid upon termination of the agreement.

■ The plaintiff also contends that the choice of forum clause is not enforceable because the action did not arise under the agreement and should not be governed by its provisions. Plaintiff's memorandum in opposition (Docket Entry No. 6) at 5, n. 5. The Court does not agree with this contention.

First, there exists a definite link between the agreement and the facts out of which the plaintiff's action arises. The plaintiff alleges that Travis rescinded the offer to work on the hospital project after a Travis employee spoke with two Dukane employees. Affidavit of Larry Link (filed April 25, 1996; Docket Entry No. 7) at 2. In the complaint,[3] the plaintiff alleges that the Dukane employees informed a Travis employee that "(1) Allied's Agreement was terminated by Dukane on February 1, 1995, (2) Dukane would neither provide nor warrant its products if sold through Allied Sound, and (3) Allied would not be able to provide Dukane equipment." Complaint, exhibit A, attached to the notice of removal (Docket Entry No. 1) at ¶ 9. While Allied is not bringing an action for breach of contract, the complaint indicates that the termination of the agreement between the parties is the focal point of the facts out of which the tort action arises.

Additionally, the plaintiff contends that the choice of forum clause is not applicable to tort actions because it refers specifically to the agreement. Considering the clause in its entirety, this argument is not well-taken. While the first sentence of the clause pro-

---

**2.** It is not clear to the Court, at this point, on exactly what date the agreement was terminated. However, it is not necessary that the Court determine the date of termination in order to address the applicability of the choice of forum clause.

**3.** Exhibit A, attached to the notice of removal (filed April 2, 1996; Docket Entry No. 1).

vides that the agreement is governed by Illinois law, the second sentence, which constitutes the choice of forum provision, does not even reference the agreement. Indeed, that sentence provides in pertinent part that "[a]ny legal proceeding by either party against the other shall be filed only in the United States District Court for the Northern District of Illinois, Eastern Division, or the Circuit Court of Cook County Illinois." Plaintiff's exhibit 1, attached to plaintiff's memorandum in opposition (Docket Entry No. 6) at 11–12. The choice of forum provision was not drafted in a manner indicating application only to those actions in which the agreement plays an integral role.

When an action arises from a contract or contractual relationship between two parties, the choice of forum clause in that contract governs. *Advent Elec.,* 709 F.Supp. at 846; (citing *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190, 203 (3d Cir.), *cert. denied,* 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983); *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 514 (9th Cir.1988); *Rini Wine Co. v. Guild Wineries & Distilleries,* 604 F.Supp. 1055 (N.D.Ohio 1985)); *see also Interamerican Trade Corp. v. Companhia Fabricadora de Pecas,* 973 F.2d 487, 490 (6th Cir.1992). The allegations of the plaintiff indicate that the alleged interference of the defendant and the resulting actions of Travis involve the termination of the contractual relationship between the plaintiff and the defendant. As such, the Court finds that the plaintiff's action is intertwined with the agreement, and the choice of forum clause cannot be invalidated on that basis.

 Despite the applicability of the choice of forum clause to this action, it may not be enforced if it is proved to be seriously inconvenient for one of the parties. *Bremen,* 407 U.S. at 17, 92 S.Ct. at 1916, 32 L.Ed.2d at 524. However, with the exception of noting that the events which are the basis of this action occurred in this district, the plaintiff has not addressed the possible inconvenience of filing its action in Illinois. Accordingly, the Court presumes that it would not be seriously inconvenient to do so and finds that enforcing the choice of forum clause is not unreasonable.

 As noted previously, in order to facilitate judicial efficiency and avoid injustice, section 1406 provides for transfer, rather than dismissal, of cases which have been filed in an improper forum. *See Goldlawr,* 369 U.S. at 467, 82 S.Ct. at 916, 8 L.Ed.2d at 42. Allied has failed to address any potential injustice that could result from the action being dismissed in order for it to refile the action in Illinois. However, transfer is generally perceived to further the interests of justice more than dismissal. *See Nation v. United States Gov't.,* 512 F.Supp. 121, 126 (S.D.Ohio 1981). As such, "doubts should be resolved in favor of preserving the action, particularly where it appears that venue may be properly laid in the proposed transferee district." *Id.* at 126–27 (citations omitted).

Accordingly, the Court finds that the choice of forum clause applies to the action brought by the plaintiff and this case shall be transferred to Northern District of Illinois.

An appropriate order shall be entered.

## ORDER

In accordance with the memorandum contemporaneously entered, the defendant's motion (filed April 9, 1996; Docket Entry No. 3) to dismiss for improper venue is denied.

The Clerk is directed to transfer this action to the Northern District of Illinois. 28 U.S.C. § 93.

The defendant's request for oral argument (filed May 6, 1995; Docket Entry No. 9) is denied as moot.

It is so ORDERED.