930 So.2d 816 (2006)
DVDPLAY, INC., etc., Appellant,
v.
DVD 123 LLC, etc., Appellee.
No. 3D06-101.
District Court of Appeal of Florida, Third District.
May 31, 2006.
*817 Lauri Waldman Ross, Miami; McLuskey McDonald, for appellant.
Zarco Einhorn Salkowski & Brito and Robert M. Einhorn, Miami, and Owei Z. Belleh, Coconut Grove, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
DVDPlay, Inc. ("DVDPlay") appeals a non-final order denying its motion to dismiss for improper venue. As the agreement between the parties contains a forum selection clause which mandates that any dispute be litigated in California, and we conclude that the forum selection clause survives either party's failure to perform under the agreement, we reverse.
DVDPlay, a Delaware corporation with its principal place of business in California, entered into a franchise agreement with DVD 123 LLC ("DVD 123"), a Florida limited liability company, for the operation of kiosks that rent and sell DVDs. DVDPlay was the franchisor and DVD 123 was the franchisee. The franchise agreement contains a mediation clause requiring all claims arising out of or related to the franchise agreement to first be subject to non-binding mediation. The agreement also contains a forum selection clause requiring that any legal action brought in court under the agreement, be brought in the judicial district of DVDPlay's principal place of business.
A dispute arose between the parties, and each asserted that the other was in breach of the franchise agreement for various reasons. On August 19, 2004, DVD 123 sent DVDPlay a letter stating that DVDPlay was in breach of the agreement and requesting mediation. In response, on September 5, 2004, DVDPlay sent a letter to DVD 123, denying that it was in breach of the agreement, alleging that DVD 123 was in breach of the development schedule of the agreement, and requesting that DVD 123 cure the breach by October 10, 2004.[1] The letter also requested that the alleged breach of the development schedule be added to the mediation, and that DVD 123 contact DVDPlay immediately to schedule the mediation. On October 11, 2004, DVDPlay sent a letter to DVD 123 stating that it did not receive a response to its September 5, 2004 letter, and that it was terminating the agreement. Also, on October 11, 2004, DVD 123 sent its response to the September 5, 2004 letter, denying that it breached the agreement and agreeing to add the development schedule issue to the mediation. DVD 123 continued to request mediation, but DVDPlay refused to mediate, stating that there was nothing to mediate because the agreement was terminated. On August 31, 2005, DVD 123 filed a complaint for damages against DVDPlay in the Miami-Dade County circuit court.
DVDPlay filed a motion to dismiss for improper venue, relying on the forum selection clause of the agreement, which provides that legal action must be brought in DVDPlay's principal place of business, which is in California. The trial court denied the motion to dismiss, finding that, since DVDPlay had repudiated the agreement, it could not enforce the forum selection clause. DVDPlay appeals that ruling.
As the order denying DVDPlay's motion to dismiss is based on the interpretation of a forum selection clause, our review is de *818 novo. Am. Boxing & Athletic Ass'n, Inc. v. Young, 911 So.2d 862, 864 (Fla. 2d DCA 2005); Golden Palm Hospitality, Inc. v. Stearns Bank Nat'l Ass'n, 874 So.2d 1231, 1233-34 (Fla. 5th DCA 2004); Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1081 (Fla. 5th DCA 2003).
DVD 123 argues that participating in mediation is a condition precedent under the franchise agreement. Thus, when DVDPlay refused to mediate, it waived its right, under the forum selection clause, to litigate the dispute in California. In support of this position, DVD 123 relies on the fact that, when DVDPlay refused to mediate, DVDPlay claimed it was under no duty to do so because the agreement had been terminated. DVDPlay, however, argues that the forum selection clause survives its termination of the agreement, and that the forum selection clause is enforceable despite its refusal to mediate.
We agree that, in the instant case, the forum selection clause survives the termination of the franchise agreement and that the forum selection clause is enforceable even though the parties did not first mediate. The clause in the instant case is a mandatory forum selection clause, as it requires that a particular forum be the exclusive jurisdiction for litigation concerning the contract. See World Vacation Travel, S.A. v. Brooker, 799 So.2d 410, 412 (Fla. 3d DCA 2001). It is reversible error for the trial court to fail to enforce that contractual obligation, unless the court determines that enforcement of the clause would be unjust, as the result of unequal bargaining power, or unreasonable. Ware Else, Inc., 856 So.2d at 1081-82. Moreover, DVD 123 did not argue that the mandatory forum selection clause was unreasonable or unjust, but instead argued that DVDPlay repudiated the contract and that the clause did not survive such repudiation. The trial court agreed with DVD 123's argument.
In concluding that DVDPlay repudiated the contract and that the forum selection clause did not survive that repudiation, the trial court relied upon Aberdeen Golf & Country Club v. Bliss Construction, Inc., 30 Fla. L. Weekly D2123, ___ So.2d ___, 2005 WL 2138798 (Fla. 4th DCA Sept.7, 2005). Aberdeen involved a contract for the construction of a new facility at a private club. The contract contained an arbitration provision. During construction, the general contractor discovered mold in part of the old clubhouse being rebuilt. Pursuant to the contract, the general contractor gave notice to the architect of the presence of the mold, asserting that the schedule for the completion of the clubhouse should be changed and that the contract price should be increased due to the presence of the mold. The architect agreed. Rather than taking the steps required under the contract to dispute the architect's decision, the owner declared a termination of the contract and fired the general contractor. The general contractor commenced litigation, the owner moved to compel arbitration, and the trial court denied the motion.
On appeal, the Fourth District Court of Appeal examined the purpose of the particular arbitration clause contained in the contract. It determined that the purpose of the arbitration clause was to allow the parties to continue working on the project in the event of a dispute over any individual part of the construction plan. Because the Fourth District concluded that the arbitration provision was meant to function during the performance of the contract, and not meant to survive termination of the contract before completion of the project, it found that the owner's unequivocal termination of the entire agreement empowered the general contractor to forego its own performance of the contract's provisions, including the arbitration provision. In reaching this conclusion, the court emphasized *819 that the arbitration provision in the contract did not contain a survival clause, and without a survival clause, the provision "went down with the whole."
We find Aberdeen inapplicable to the instant case and clearly distinguishable. In Aberdeen, the Fourth District determined that the owner's termination of the contract was a breach by anticipatory repudiation which released the general contractor from its obligations under the contract, including the obligation to arbitrate. In the instant case, however, it is not clear that DVDPlay's termination of the contract was a breach by anticipatory repudiation because the termination was based on DVD 123's alleged failure to cure its own breach within thirty days of receiving notice of the breach, thus allowing DVDPlay, under the terms of the agreement itself, to properly terminate the agreement. Thus, DVDPlay's termination of the agreement, unlike the termination in Aberdeen, was not clearly a breach by anticipatory repudiation, and therefore did not release DVD 123 from its contractual obligation to bring the action in a California court.
More importantly, Aberdeen is distinguishable, as it is clear that the arbitration provision in Aberdeen was not intended to survive the termination of the contract. The forum selection clause in the instant case, however, clearly was intended to survive the termination of the contract. While the purpose of the arbitration provision in Aberdeen was to allow the parties to continue to work on the project during a dispute, the forum selection clause in the instant case provides for an agreed-upon forum where the parties are to litigate their disputes. While the arbitration provision in Aberdeen did not contain a survival clause, and the Fourth District determined that without such a clause, the arbitration provision "went down with the whole," in the instant case, the agreement between the parties clearly reflects that the forum selection clause was to survive the termination of the agreement. Section 24.5 provides that:
All provisions of this agreement, which by their terms or intent, are designed to survive the expiration or termination of this agreement, shall so survive the expiration and/or termination of this Agreement, including Section 10, 17, 18, 25.
As section 25 of the agreement contains the forum selection clause, it is clear that it was intended to survive the termination of the agreement and therefore did not "go down with the whole" as the arbitration provision in Aberdeen did.[2]See Exprezit Convenience Stores, LLC v. Transaction Tracking Techs., 2005 WL 2704891 (N.D.Fla.2005)(holding that a choice-of-forum clause is not rendered invalid by the termination of a contract that does not explicitly or implicitly indicate that termination should result in its invalidation); Allied Sound, Inc. v. Dukane Corp., 934 F.Supp. 272, 275 (M.D.Tenn.1996)(stating that "a choice of forum clause does not necessarily expire upon the termination of the agreement from which it derives," and thus is not voided unless the contract expressly or implicitly indicates such a result); Advent Elecs., Inc. v. Samsung Semiconductor, Inc., 709 F.Supp. 843, 846 (N.D.Ill.1989)(stating that "[i]n the absence of contractual language expressly or *820 implicitly indicating the contrary, a forum selection clause survives termination of the contract," and that the intent of the parties controls as to the continued applicability of a forum selection clause after such termination).
Because the language of the franchise agreement in the instant case clearly indicates that the parties intended the forum selection clause to survive the termination of the franchise agreement, we reverse the order on appeal and remand for the entry of a dismissal for improper venue.
Reversed and remanded.
NOTES
[1] The agreement provides that DVDPlay may terminate the agreement if DVD 123 does not cure a breach within thirty days of DVDPlay notifying it of the breach.
[2] Section 25 of the agreement in the instant case also contains the mediation clause. Therefore, despite DVDPlay's assertion to the contrary, the mediation clause also survived the termination of the contract. However, although DVD 123 originally requested that DVDPlay mediate the claims, it never sought to judicially compel mediation, and instead it filed a lawsuit against DVDPlay. It, therefore, waived mediation. See Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005)(explaining that a party's contractual right to arbitrate may be waived by actually participating in a lawsuit).